670 So.2d 1109 (1996)
Charles Robert SILBERMAN, Appellant,
v.
Lesli Kim SILBERMAN, Appellee.
No. 95-1546.
District Court of Appeal of Florida, Third District.
March 27, 1996.
Albert D. Diamond, Miami, for appellant.
James D. Keegan, Coral Gables, for appellee.
Before LEVY, GERSTEN and FLETCHER, JJ.
PER CURIAM.
The father appeals a final judgment awarding child support, contending that the trial court erred in imputing income to the father without evidentiary support or specific findings of fact as to the sources of the additional income. We affirm the trial court. At the hearings on child support the father, a self-employed apparel manufacturer's representative, testified to very informal financial recordkeeping for his business, which business is conducted in cash, using several bank accounts where money is deposited and withdrawn randomly. Although the father and his accountant testified to decreased income over the past few years due to competition and other matters, the trial court found from the testimony and other evidence before it *1110 that the father's actual income was more than that represented by the father. The court awarded child support accordingly.
The father's contention that the court should not have imputed income to him is misplaced. The trial court did not impute income to the father. "Imputing" income is the court's making of a determination of what income a "voluntarily unemployed or underemployed" spouse would probably be earning if that spouse were employed to the best of his or her potential, as set forth in Section 61.30(2)(b), Florida Statutes (1995). The father was not unemployed or underemployed in this case, and there was no need to "impute" income. Rather the trial court here made a factual determination of the father's actual income based on substantial, competent evidence in the record. We find no error in the court's doing so. See Bucci v. Bucci, 350 So.2d 786, 788-89 (Fla. 3d DCA 1977); Klein v. Klein, 122 So.2d 205 (Fla. 3d DCA 1960).
Affirmed.