710 So.2d 154 (1998)
Michael W. BROMSON, Appellant,
v.
DEPARTMENT OF REVENUE and Donna Cantwell, Appellees.
No. 97-1890.
District Court of Appeal of Florida, Fourth District.
April 22, 1998.
*155 Terry Ellen Fixel of Fixel & La Rocco, Hollywood, for appellant.
Kenneth C. Bronchick of Kenneth C. Bronchick, P.A., Fort Lauderdale, for appellees.
KLEIN, Judge.
In this paternity action the trial court concluded that the father had greater earnings than he was admitting. The court awarded guideline support based on the higher amount, and the father appeals arguing that the court failed to make findings of fact required for "imputed" income.
Under section 61.30(2)(b), Florida Statutes (1995), in order to "impute" income to a parent, the trial court must find that the parent is voluntarily unemployed or underemployed. However, the court did not find that the appellant was unemployed or underemployed, but rather that his earnings were greater than he represented them to be. As the third district explained in Silberman v. Silberman, 670 So.2d 1109 (Fla. 3d DCA 1996) this is not imputing income under section 61.30(2)(b), but is simply making a factual determination of the parent's actual income under section 61.30(2)(a).
Although section 61.30(2)(a) does not require trial courts to make specific findings, other than the amount of net income attributable to each parent, an explanation does facilitate appellate review. These cases are very different from cases in which the income of parents is undisputed, because the amount of income on which support is set is inferred by the trial judge. Because the number which the trial judge ultimately chooses has such a substantial impact on the lives of both parents and children, appellate judges naturally want to satisfy themselves in both underemployment and misrepresentation of income cases that there is evidence to support the numbers. When trial judges explain their reasoning, appellate judges can feel more comfortable about affirming in close cases. Conversely, the lack of an explanation can increase the odds of reversal. See, e.g., Bimonte v. Martin-Bimonte, 679 So.2d 18 (Fla. 4th DCA 1996); Alon v. Alon, 665 So.2d 1110 (Fla. 4th DCA 1996); Viscito v. Menditto, 644 So.2d 135 (Fla. 4th DCA 1994); Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994).
The trial judge did exactly that in this case. In the judgment she pointed out that the father, who was self-employed, claimed he was only earning $1,600 a month, while the living expenses for him, his fiance, and their daughter were over $4,000 a month. He claimed he was receiving help from his mother, but produced no evidence to support his claim. His rent and vehicle payments alone were in excess of what a person with an income of $1,600 a month can afford. These were some, but not all, of the findings of the court, which assisted us in performing our review function. The findings are supported by the evidence and we therefore affirm the amount of child support.
*156 Appellee has conceded that the trial court erred in its failure to authorize that the life insurance it required be a decreasing term policy commensurate with the father's child support obligation. Hedendal v. Hedendal, 695 So.2d 391 (Fla. 4th DCA 1997). We therefore reverse and remand on that issue. We have considered the remaining issues and find them to be without merit.
Affirmed in part; reversed in part and remanded.
WARNER and FARMER, JJ., concur.