WILLIAM C. OWEN, Jr., Senior Judge.
Appellant seeks review of a final order which, among other things, required him to pay guideline child support based on imputed income of $2,500 per month. We affirm.
The court’s order stated, “[t]he Court finds [appellant’s] imputed net monthly income, after deducting the $200.00 per month he is paying in child support for two (2) minor children born of a prior marriage, to be $2,500.00.” Appellant argues that imputing income to appellant is clear reversible error on the face of the order because the court failed to make the statutory prerequisite finding that appellant was voluntarily unemployed or underemployed. See Burkhardt v. Bass, 711 So.2d 158 (Fla. 4th DCA 1998). Had the court intended the language “imputed net monthly income” to mean imputed income under section 61.30(2)(b), Florida Statutes (1999), we would agree with appellant that *1158 a reversal would be required. However, it is evident to us that, as appellee argues, this is not an imputed income case but, rather, just as in Bromson v. Department of Revenue, 710 So.2d 154 (Fla. 4th DCA 1998), the court here made a factual determination of appellant’s actual income. While there was no transcript of the hearing, the documentary evidence in the record, consisting primarily of the parties’ respective financial statements, adequately supports the conclusion that the trial court intended the language “imputed net monthly income” to mean a finding that appellant’s earnings were greater than he represented them to be by at least $1,500 per month.
Appellant was employed as a personal trainer by a business in which his mother was part owner. His financial affidavit showed his net monthly income to be $1,029.19 (after deducting taxes and $200 per month for child support of two children born of a prior marriage), while his monthly expenses were shown to be $6,397.04. Included in this latter amount was $1,500 for rent (or mortgage), $900 for food and utilities, $215 for miscellaneous personal expenses, $230 for automobile expenses, and approximately $3,550 as “payment to creditors.” The order recites appellant’s explanation that his automobile expenses, as well as most of the expenses listed as “payments to creditors,” were business expenses which, although paid by his employer, had been listed as part of his expenses because the debts were personally guaranteed by him. Assuming appellant’s explanation as to those expenses was accepted as true by the court, there remained in excess of $2,600 a month in appellant’s claimed personal living expenses, an amount which exceeded his claimed net income by at least $1,500 per month. That negative cash flow, not being otherwise explained, reasonably supports an inference that appellant’s earnings were greater than he represented them to be. See Bromson, 710 So.2d at 155; Silberman v. Silberman, 670 So.2d 1109, 1109-10 (Fla. 3d DCA 1996). The court’s finding is presumed correct and, being thus supported by competent substantial evidence, should not be disturbed. See Nelson v. Spiegel, 529 So.2d 311, 313 (Fla. 4th DCA 1988).
AFFIRMED.
FARMER and STEVENSON, JJ., concur.