864 So.2d 21 (2003)
RIVER CITY WHOLESALE FLORIST, LTD.; Charles E. Bill; and Everflora Chicago, Inc., Appellant,
v.
EQUIFLOR CORPORATION, Appellee.
Nos. 3D02-3463, 3D02-3390.
District Court of Appeal of Florida, Third District.
November 12, 2003.
Rehearing Denied January 23, 2004.
Genovese, Joblove & Battista, P.A., Peter W. Bellas, Miami, and Jose M. Ferrer, Hialeah, for appellant.
Levin & Stone and Stuart I. Levin, Miami, for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
PER CURIAM.
This is an appeal from an order denying the appellants' motion to enforce a stipulation for settlement which was executed by the attorneys but not by the parties. Generally speaking, a party seeking to enforce such an agreement has the burden of establishing assent by the opposing party. See Nehleber v. Anzalone, 345 So.2d 822, 822 (Fla. 4th DCA 1977)("A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party."); Cross-Aero Corp. v. Cross-Aero Serv. Corp., 326 So.2d 249, 250 (Fla. 3d DCA 1976); Goff v. Indian Lake Estates, Inc., 178 So.2d 910, 912 (Fla. 2d DCA 1965). See also Lechuga v. Flanigan's Enters., Inc., 533 So.2d 856, 857 (Fla. 3d DCA 1988) ("The employment of an attorney does not ... give the attorney authority to compromise the client's cause of action or settle the client's claim[.]"). Here, the trial court determined that appellants failed to meet this burden. Because the record supports, by competent substantial evidence, this factual determination, we must affirm.
Affirmed.