WARNER, J.
This is an appeal of a final judgment of dissolution in which the dissolution proceedings have now lasted longer than the marriage. The trial court prepared a detailed final judgment dividing the parties’ assets and liabilities, denying alimony, and setting child support for the former husband. The wife appeals almost every aspect of the final judgment. We affirm as to most aspects of the judgment, reversing for reconsideration of only minor issues of equitable distribution and' credit for child medical expenses.
This highly contentious divorce proceeding commenced in 2000 after a four-year marriage that produced three children. As the court said in its final judgment, “The Court has not been involved in a dissolution proceeding in which the level of acrimony and animosity has been so high. Two seemingly intelligent people have dedicated almost the last three years of their lives to publicly and privately attacking and demeaning each other in an effort to resolve disputes arising from a marriage that for all practical purposes lasted less than four years.”
The wife objects to the court’s equitable distribution of assets, first claiming that the trial court adopted an inappropriate valuation date for the marital estate. The trial court used the date of trial to value the assets, and the wife contends that the date the petition was filed was more appropriate. “The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge’s discretion, the circumstances require.” § 61.075(6), Fla. Stat. (2000). “[T]he determination of valuation dates is squarely within the trial court’s discretion.” Noone v. Noone, 727 So.2d 972, 974 (Fla. 5th DCA 1998) (citation omitted). In this case, the trial court thoroughly examined this issue and determined that because of each parties’ level of complicity and involvement in questionable financial practices both during the marriage and during the proceedings, as well as the lack of evidence of value of some of the assets, it would use the date of trial for valuation purposes. The wife has shown no abuse of discretion in the court’s adoption of the date of trial as the valuation date.
The wife also complains that the court failed to value and/or distribute various assets. As to certain Cayman Island accounts, she claims that the court failed to account for their value in 2000, but as it valued them at the date of trial, which we uphold, the court did not err. As to the failúre to value the husband’s contracts with tennis players, the court appropriately found that they were too speculative to be valued. Nevertheless, the husband had stipulated earlier in the proceedings that the wife could have all of his interest in those contracts, and we agree with the wife to that extent. On remand, the court should enter an amendment to the final judgment distributing the contracts mentioned in the special master’s report of 2002 to the wife. There is no need to further value them because the court has already determined that they are too speculative to be valued.
Another tennis contract with a current player was not valued, also being too speculative. We find no error in failing to value a contract that has no particular value. Because the contract is owned by the husband, it is essentially distributed to the husband. There is no further need *519 for an amendment to the final judgment, as the distribution of a valueless asset to the husband will not change the equitable distribution.
We find no error in the court’s failure to value certain promissory notes. As to the largest note, despite the lack of valuation, the court awarded 50% of the note to each party. And, while the wife is correct that the court failed to value her IRA, that can only inure to her benefit. Therefore, the error is not harmful, reversible error.
The wife also complains of the court’s determinations regarding alimony and child support, both in her ability to earn an income as a lawyer and the husband’s ability to pay. Having reviewed the record and the trial court’s findings, we find no abuse of discretion. As to the wife’s claim that the court erred in “imputing” income to her, we read the final judgment as ascertaining the wife’s current income given the evidence presented at trial. See Bromson v. Dep’t of Revenue, 710 So.2d 154, 155 (Fla. 4th DCA 1998) (finding court did not “impute” income but determined parent’s actual income).
We also reject the wife’s contention that the husband is responsible for child care expenses for her children by a prior marriage. See § 61.30(7), Fla. Stat. (2000). We do, however, reverse and remand for the trial court to consider whether the wife should receive any credit for medical expenses that she paid during the course of the proceedings. The court ordered the husband to be responsible for 66% of the children’s medical expenses but did not address the issue of past medical expenses, except to deny the husband a credit for past health insurance payments. In its discretion, the court may review and revise the final judgment without the necessity of taking further testimony, because the medical expenses claimed are a matter of record.
Finally, the wife contends that the trial court erred in ordering her to return a jukebox to the husband that had been transferred to her earlier in the proceedings in exchange for a credit on child support that the court would later determine. We conclude that the court erred in ordering the wife to transfer the jukebox back to the husband. On remand, the court can determine the value of the jukebox for the purpose of credits against any obligations that the husband might owe to the wife.
POLEN and HAZOURI, JJ., concur.