944 So.2d 1239 (2006)
Teri L. ROTH, aka Teri L. Donovan, Appellant,
v.
ALL-AMERICAN INVESTMENT PROPERTIES, LLC, All-American Foreclosure Solutions, LLC, United Mortgage Solutions, Derek K. Runion, Individually and Melissa Spencer, Individually, Appellees.
No. 2D06-2935.
District Court of Appeal of Florida, Second District.
December 27, 2006.
Colleen J. MacAlister of McDonnell Trial Lawyers, Naples, for Appellant.
Matthew Scott Toll of Lusk, Drasites & Tolisano, P.A., Cape Coral, for Appellees.
WHATLEY, Judge.
Teri L. Roth appeals an order of the circuit court issuing a writ of possession. The circuit court held that because Roth had "exhausted all remedies available at the trial level, a writ of possession shall issue forthwith on the subject property." We conclude that the circuit court erred in issuing the writ of possession and reverse.
The circuit court had previously referred this cause to a magistrate to conduct a hearing on the Appellees' motion to enforce settlement agreement. The magistrate issued a recommendation, and Roth filed exceptions to the magistrate's recommendation and requested a hearing. The circuit court denied Roth's exceptions and issued the writ of possession without conducting a hearing on Roth's exceptions.
Florida Rule of Civil Procedure 1.490(h) provides as follows:
The magistrate shall file the report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
This court has held that a circuit court must conduct a hearing on a party's exceptions to a magistrate's report when one is requested. Yoxsimer v. Yoxsimer, 918 So.2d 997 (Fla. 2d DCA 2006); Fonte v. Alvarez, 491 So.2d 1268 (Fla. 2d DCA 1986). In the present case, the circuit *1240 court erred in denying Roth's exceptions to the magistrate's recommendation and issuing the writ of possession without conducting a hearing on the exceptions.
Accordingly, we reverse the order issuing the writ of possession and remand this case for the circuit court to conduct a hearing on Roth's exceptions.
Reversed and remanded with instructions.
SILBERMAN and KELLY, JJ., Concur.