951 So.2d 69 (2007)
Sonia COLLADO, Appellant,
v.
Joel M. PAVLOW, Appellee.
No. 5D06-694.
District Court of Appeal of Florida, Fifth District.
March 9, 2007.
*70 Scott E. Siverson, Orlando, for Appellant.
C. Christopher Killer of Law Offices of J. Christopher Norris, Orlando, for Appellee.
PLEUS, C.J.
Sonia Collado appeals from a final judgment of dismissal which adopted the report of the general magistrate, summarily denied her objections to that report and dismissed her personal injury action.
The defendants, Joel Pavlow and Darden Restaurants, Inc., (defendants), filed a motion to enforce settlement claiming that the parties had entered into a complete settlement of Collado's personal injury action. The trial court, with the consent of the parties, referred the matter to the general magistrate. After hearing argument, the general magistrate issued a report and recommendation that the motion to enforce settlement be granted. The trial court, by order, ratified, approved and adopted the report, and ultimately entered final judgment dismissing Collado's action.
Collado challenges both the procedure employed by the trial court in declining to afford her a hearing on her objections to the general magistrate's report and recommendation, and the lack of factual findings and record evidence to support the report and recommendation.
The parties are in agreement that in reviewing a trial court's adoption and ratification of a general magistrate's report and recommendation, the standard of review is abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). Florida Rule of Civil Procedure 1.490, entitled "Magistrates," authorizes the circuit court to refer matters to magistrates with the consent of the parties. Rule 1.490 contemplates at subsection (g) that the magistrate prepare a report and provides at subsection (h):
Filing Report; Notice; Exceptions. The magistrate shall file the report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
Subsection (h) requires a circuit court to afford a hearing on a party's timely served exceptions to the report. See Roth v. All-American Inv. Props., 944 So.2d 1239 (Fla. 2d DCA 2006); Yoxsimer v. Yoxsimer, 918 So.2d 997 (Fla. 2d DCA 2006) (under Rule 1.490(h), litigant who requests hearing on exceptions but is not afforded one is deprived of due process). The purpose of such a hearing is for the trial court to review the record so as to "ascertain whether the master's finding is supported by competent evidence." Anderson v. Anderson, 736 So.2d 49, 51 (Fla. 5th DCA 1999).
In the present case, Collado timely served exceptions or objections to the magistrate's report and requested a rehearing by the trial court. The trial court abused its discretion in adopting the report without affording Collado an opportunity to be heard.
The remaining aspect of Collado's challenge relates to the substance of the determination *71 that a settlement was effectuated in this case. The defendants, acknowledging that "a party seeking to compel enforcement of a settlement bears the burden of proving that an attorney has the clear and unequivocal authority to settle on the client's behalf," Sharick v. Southeastern University of Health Sciences, Inc., 891 So.2d 562 (Fla. 3d DCA 2004), contend that the general magistrate found they met this burden and rely on an affidavit of the claims manager as evidentiary support for this finding.
Collado counters that the magistrate was required by Rule 1.490 to file the evidence supporting its report and recommendation but failed to do so, and that further, the record contains no evidence that Collado herself assented to the settlement.
Rule 1.490(f) requires that "evidence . . . be taken in writing by the magistrate . . . and shall be filed with the magistrate's report." Subsection (g) of the rule, entitled "Magistrate's Report," provides:
In the reports made by the magistrate no part of any statement of facts, account, charge, deposition, examination, or answer used before the magistrate shall be recited. The matters shall be identified to inform the court what items were used.
The record contains no indication that the general magistrate filed any evidence or identified the matters which he used in making his decision. The magistrate's report and recommendation do not reflect that an evidentiary hearing was conducted. Under these circumstances, on remand the trial court should consider the magistrate's failure to identify the matters relied upon in reaching his decision, and determine whether referral back to the magistrate to remedy this oversight is necessary.
Without a record of what the general magistrate relied upon, it is difficult to address the substantive issue presented, which is whether the defendants proved that Collado's attorney had clear and unequivocal authority to settle on her behalf. Mere employment of an attorney does not give the attorney the implied or apparent authority to compromise the client's cause of action or settle the client's claim. River City Wholesale Florist, Ltd. v. Equiflor Corp., 864 So.2d 21 (Fla. 3d DCA 2003); Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977). An exception to this general rule is recognized when an attorney is confronted with an emergency which requires immediate action to protect the client's interests and consultation with the client is impossible. Nehleber, 345 So.2d at 823. As further explained by the Fourth District, a client may give his attorney special or express authority to compromise his cause of action but such authority must be clear and unequivocal. Id. Finally, an unauthorized compromise may be ratified by the client. Id.
On remand, the trial court should apply these principles to resolution of the defendants' motion. We express no opinion as to the merits of that motion.
REMANDED.
SAWAYA and EVANDER, JJ., concur.