DAKAN, STEPHEN L., Associate Senior Judge.
In these consolidated appeals John Shelton (the former husband) challenges the final judgment awarding Kellie Shelton (the former wife) $15,811.53 as her net equitable share of the proceeds from the sale of the marital residence and the order finding him in contempt for his failure to pay child support. We reverse because the record does not support the general magistrate’s findings, approved by the trial court, that the former husband is indebted *180 to the former wife for half the net sale proceeds of the marital residence and that the former husband had the present ability to pay child support arrearages to purge the contempt.
The parties executed a marital settlement agreement that the trial court incorporated into the final judgment of dissolution of marriage rendered March 21, 2002. The final judgment awarded the marital residence to the former husband and provided that the former husband would pay $506.75 per month as child support. Subsequently, the parties stipulated to a modification of the final judgment, which the trial court ratified by order of August 17, 2004. Among other things, the stipulation and order contained a plan for selling the marital home with a contingency for refinancing if the home should not be sold by September 15, 2004. The plan provided that the former husband was to pay the former wife her “equitable interest” in the home. It is unclear to what “equitable interest” the former wife was entitled because the former husband received sole ownership of the marital home under the terms of the original final judgment.
On March 25, 2005, the former wife filed a motion to set aside the parties’ stipulation for modification and the August 17, 2004 order ratifying it. The trial court referred the matter to a general magistrate who conducted a hearing and issued a report that found that “at the time the Stipulation for Modification of Final Judgment was executed ... there was no meeting of the minds.” The report recommended that the joint stipulation for modification be set aside.
The former husband filed exceptions to the magistrate’s report. After a hearing, the trial court entered an order denying the former husband’s exceptions to the magistrate’s report and approving the report. The trial court’s order concluded that the parties would now be “in the position they were in prior to the execution of the Stipulation and Order for Modification on or about August 17, 2004.” Thus, any claim the former wife had to an equitable share of the marital residence based on the August 17 stipulation and order was set aside along with the stipulation and order.
Thereafter, the former wife filed a motion for contempt alleging that the former husband was more than $8,000 in arrears in child support payments, that the former husband had sold the marital home without dividing the proceeds with her and asking, in addition to monetary relief, that the former husband be held in contempt and sentenced to a “reasonable period of incarceration.” The matter was referred by the trial court to the general magistrate. Following a hearing at which the former husband did not appear,[1] the general magistrate issued a report finding that the former husband was “in willful indirect civil contempt” for his “refusal to pay court ordered payments” of child support. The magistrate also found that the former husband had sold the marital residence for $151,700, and that after satisfying mortgages, the net proceeds were $51,623.05. The magistrate made a finding that under the original final judgment “the Parties’ marital home remained in joint names and they became tenants in common with respect to same.” Based on that finding, the magistrate determined that the former wife’s share of the proceeds was $25,811.53 and that the former husband “should have available funds of *181 $40,200.00 from the sale of the real estate” which he “could have used to pay the purge amount of $9,045.38” in child support arrearages. The magistrate also found that the former husband had already paid the former wife $10,000 of the proceeds from the house sale, leaving a net due of $15,811.53.
The trial court ratified and approved the general magistrate’s report and entered a final judgment against the former husband ordering him to pay the former wife $15,811.53, the amount the magistrate found to be the former wife’s net equitable share of the proceeds from the sale of the marital residence. The trial court also found the former husband in contempt for failing to pay child support “as previously ordered by this - Court’s Final Judgment dated March 2R 2002,” sentenced him to 179 days incarceration, and held that the former husband “may purge this contempt by paying a purge amount of $9,045.38 ... representing the arrearages in child support as found by the magistrate.”
The former husband first argues that it was error for the trial court to enter a money judgment for an obligation due only under the set aside stipulation and order of August 17, 2004. We agree. The original final judgment of dissolution of marriage awarded the marital residence to the former husband as part of the equitable distribution of assets. Although that provision of the final judgment was later modified to give the wife an interest in the residence, that stipulation was set' aside and the parties were restored to the position they were in before the stipulation. Thus, the original final judgment governs the rights and obligations of the parties here, and the former husband owned the marital residence with no obligation to share any proceeds of sale with the former wife. Accordingly, we reverse the trial court’s Final Judgment of February 10, 2006, ordering the former husband to pay $15,811.53 to the former wife as her net “share” of the sale proceeds of the marital residence.
The former husband next challenges the order finding him in contempt. Before an alleged contemnor can be ordered incarcerated, “the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.” Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985); see Fla. Fam. L.R.P. 12.615(e); Akridge v. Crow, 903 So.2d 346, 351 (Fla. 2d DCA 2005); Pompey v. Cochran, 685 So.2d 1007, 1015 (Fla. 4th DCA 1997). The magistrate made a finding that the former husband “should have” proceeds remaining from the sale of his home; however, the trial court abused its discretion in adopting that finding because it was based on speculation rather than evidence. See Collado v. Pavlow, 951 So.2d 69 (Fla. 5th DCA 2007) (stating that a trial court’s adoption and ratification of a general magistrate’s report and recommendations is reviewed for an abuse of discretion); Cerase v. De-whurst, 935 So.2d 575, 578 (Fla. 3d DCA 2006) (stating that a magistrate’s findings are subject to being set aside by the trial court when they are clearly erroneous or because the magistrate misconceived the legal effect of the evidence). Accordingly, we vacate the trial court’s March 26, 2006, Adjudication of Contempt, Order of Commitment and Writ of Bodily Attachment.
Reversed and remanded for further proceedings consistent with this opinion.
STRINGER and KELLY, JJ., concur.

. The former husband claims to have requested a continuance. In light of our decision here we consider the issue moot.