974 So.2d 418 (2007)
Captain PAPADOPOULOS, Appellant,
v.
CRUISE VENTURES THREE CORP., et al., Appellees.
No. 3D06-1835.
District Court of Appeal of Florida, Third District.
September 19, 2007.
Luis A. Perez, for appellant.
Hayden Milliken and William B. Milliken, Tampa, for appellees.
Before GERSTEN, C.J., and CORTINAS and ROTHENBERG, JJ.
*419 ROTHENBERG, Judge.
Captain Solon M. Papadopoulos ("Papadopoulos"), the plaintiff below, appeals a final order issued by the trial court dismissing his negligence action against Cruise Ventures Three Corp., International Shipping Partners, Inc., and DLJ Capital Funding, Inc. (collectively "the defendants"). We affirm.
Papadopoulos, a seaman, claims he was injured when the vessel he was working on encountered a severe storm and strong winds on December 17, 2000, resulting in the ship taking on water and in a U.S. Coast Guard rescue of those on board. The ship ultimately sank.
Papadopoulos claimed that as a result of this experience, he developed post-traumatic stress disorder and leukemia. In answers to interrogatories propounded by the defendants, Papadopoulos stated that prior to the subject accident, he was both medically and physically fit; was not taking any medicine or drugs; and denied being diagnosed and/or receiving any treatment for any of the ailments described in Dr. Karianakis' report. Dr. Karianakis, a hematologist, was treating Papadopoulos for hairy cell leukemia. Additionally, Papadopoulos testified under oath in his deposition that he had not been treated for leukemia prior to the subject accident.
When Papadopoulos was questioned during his deposition regarding any preincident pension/disability litigation, he, testified that he had never been involved in any litigation; he had not applied for nor received any disability benefits in Greece, his native country; and that he had not received any pension benefits in Greece.
An investigation performed by the defendants, however, revealed that prior to the subject accident, in December 2000, Papadopoulos had engaged in litigation in Greece regarding work-related injuries he sustained in 1995; he was diagnosed with hairy cell leukemia on November 4, 1995; and he was awarded a pension beginning on January 1, 1996, based upon a medical opinion finding that he was sixty-seven percent disabled. The litigation in Greece continued for years and involved protracted litigation and appeals that were ongoing during the instant litigation.
Based upon the ample record before us, we find that the trial court did not abuse its discretion in dismissing Papadopoulos' lawsuit. See Bob Montgomery Real Estate v. Djokic, 858 So.2d 371, 374 (Fla. 4th DCA 2003) (holding that the dismissal of a plaintiffs action for fraud on the court is reviewed under an abuse of discretion standard and the trial court's findings will not be disturbed upon a clear showing of fraud, pretense, collusion, or similar wrongdoing); Metro. Dade v. Martinsen, 736 So.2d 794, 796 (Fla. 3d DCA 1999) (Sorondo, J., concurring) (stating that "few crimes . . . strike more viciously against the integrity of our system of justice than the crime of perjury," and that based upon Martinsen's misrepresentations and omissions regarding her medical history during the course of discovery, she had forfeited her right to proceed); Mendez v. Blanco, 665 So.2d 1149, 1150 (Fla. 3d DCA 1996) (affirming trial court's dismissal of the plaintiffs complaint where the plaintiff committed serious misconduct by repeatedly lying under oath); see also Romero v. Harbin, 876 So.2d 1, 1 (Fla. 3d DCA 2004); Long v. Swofford, 805 So.2d 882, 884 (Fla. 3d DCA 2001); Rosenthal v. Rodriguez, 750 So.2d 703, 704 (Fla. 3d DCA 2000).
We entirely agree with the trial court that Papadopoulos has forfeited his right to seek redress from his claimed injuries based upon his material misrepresentations and omissions that go to the heart of *420 his claims. We, therefore, affirm the trial order dismissing Papadopoulos' negligence action.
Affirmed.