992 So.2d 873 (2008)
Calvin A. JOHNSON, Appellant,
v.
Velma Virginia SKARVAN, Appellee.
No. 5D07-3102.
District Court of Appeal of Florida, Fifth District.
October 17, 2008.
*874 Calvin A. Johnson, Deland, pro se.
David A. Collins of Kevin W. Korth & Associates, Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, for Appellee.
TORPY, J.
Appellant challenges the lower court's order granting a motion to enforce a settlement agreement in this personal injury action. Because Appellant's attorney did not have authority to settle the case on Appellant's behalf, we reverse the lower court's order.
This action arose out of a motor vehicle accident. Appellant retained Attorney Stephen J. Kirschner to prosecute the action on his behalf. In due course, Appellant's independent medical examination was scheduled. Several days prior to the scheduled examination, Appellant told Mr. Kirschner that he would be unable to attend the examination because he intended to be in Atlanta at the time. Mr. Kirschner informed Appellant that his refusal to attend the examination might result in sanctions including the dismissal of the action. In response, Appellant authorized Mr. Kirschner to settle the suit for the total sum of $7,500.
Thereafter, Mr. Kirschner entered into settlement negotiations with Appellee. However, the negotiations resulted in an offer by Appellee of only $6,500, $1,000 less than the actual authority Appellant gave to his counsel. Apparently unable to contact Appellant before the scheduled independent medical examination, and believing that it was in Appellant's best interest to accept the lesser sum to avoid the possibility of sanctions, Mr. Kirschner agreed with Appellee's counsel to settle Appellant's case for $6,500.
Mr. Kirschner subsequently filed a motion to withdraw, claiming entitlement to a lien on the settlement proceeds. He also filed a "Verified Motion To Enforce Settlement," in which he acknowledged that he did not have actual authority from Appellant to settle Appellant's case for $6,500. Instead, Mr. Kirschner contended that he had implied or apparent authority to compromise his client's claim because Appellant's refusal to attend the independent medical examination constituted an "emergency," justifying the unauthorized settlement based upon Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977).
The trial court conducted a hearing on the verified motion and made two findings: (1) that the settlement was in Appellant's best interest, and (2) that Appellant's counsel had implied authority to settle the case due to the so-called emergency, also relying upon Nehleber. This appeal timely followed.
At the outset, we address Appellee's contention that the failure of Appellant to file a transcript of the hearing compels us to affirm. Because the factual underpinning for the trial court's findings is apparent from the face of the record, we do not agree that the absence of a transcript precludes review on the merits. *875 Hirsch v. Hirsch, 642 So.2d 20, 21 (Fla. 5th DCA 1994).
Turning to the merits, we start our analysis with the general rule that the "mere employment of an attorney does not give the attorney the implied or apparent authority to compromise the client's cause of action or settle the client's claim." Collado v. Pavlow, 951 So.2d 69, 71 (Fla. 5th DCA 2007). An exception to this general rule is said to exist "when an attorney is confronted with an emergency which requires immediate action to protect the client's interests and consultation with the client is impossible." Id. (citing Nehleber, 345 So.2d at 823). Although several courts, including our own, have acknowledged this exception, Appellee concedes, and our research confirms, that no Florida appellate court has ever found the exception to be applicable. We conclude that it is not applicable here, even assuming that the exception is legally sound. As for the lower court's finding that the settlement was in Appellant's best interest, that finding does not bear on the legal issue here, which is counsel's authority to settle the case, not the wisdom of counsel's decision.
REVERSED and REMANDED.
PLEUS and ORFINGER, JJ., concur.