995 So.2d 1140 (2008)
L.P., Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-844.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
*1141 Robert Wesley, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee and Gerald D. Siebens, Assistant Attorney General, Tampa, for Appellee.
PALMER, C.J.
L.P. appeals the order entered by the trial court which involuntarily committed her for mental health treatment for a period of six months. Although we find L.P.'s claims of error to be moot, we write to address one issue which is likely to recur.
A notice of petition for involuntary placement was filed by the State with regard to L.P. pursuant to section 394.463, Florida Statutes (2007), Florida's Mental Health Act (commonly referred to as the Baker Act). The matter proceeded to an evidentiary hearing before a general magistrate. Upon review of the testimony presented, the magistrate found that L.P. met the statutory requirements to be involuntarily hospitalized and issued a written order setting forth its findings related thereto. The following day, L.P. filed exceptions to the magistrate's order, taking issue with the manner in which the hearing had proceeded and also claiming that the evidence presented was insufficient to support the entry of an involuntary commitment order. L.P. also requested a hearing on her exceptions and filed a motion to have the general magistrate's hearing transcribed.
One day later, the circuit court entered an order adopting the findings of fact and conclusions of law issued by the general magistrate and directed that L.P. be involuntarily committed for a period not to exceed six months. The circuit court did not hold a hearing on L.P.'s exceptions or rule on the motion to have the hearing transcribed. This appeal timely followed.
The instant commitment order was effective for a term of six months. Since more than six months has transpired from the date the circuit court's order was entered, L.P.'s request for appellate relief in this matter has been rendered moot. However, this court can properly address one of the issues raised in this appeal since it is an important issue which is capable of being repeated yet evading review. See Mazer v. Orange County, 811 So.2d 857 (Fla. 5th DCA 2002).
Florida Rules of Civil Procedure 1.490, entitled "Magistrates," allows the circuit court to refer matters to magistrates. However, subsection (g) of the rule expressly provides that the magistrate shall prepare a report and, pursuant to subsection (h) "the parties may serve exceptions to the report within ten days from the time that it is served on them, ... if exceptions are filed, they shall be heard on reasonable notice by either party." In Collado v. Pavlow, 951 So.2d 69 (Fla. 5th DCA 2007), our court concluded that the trial court erred in adopting a report from a magistrate without affording the party filing exceptions an opportunity to be heard.
In this case, the State acknowledges that Collado is controlling and was not followed, but argues that the trial court's error was harmless. We need not reach the issue of harmless error in light of the mootness of L.P.'s claim; however, we write to re-emphasis the requirement that a hearing must be held on timely-filed exceptions to a magistrate's report.
DISMISSED AS MOOT.
GRIFFIN and COHEN, JJ., concur.