PER CURIAM.
JAG Auto Body appeals the trial court’s order enforcing a settlement agreement with Antoni Capone. Because Capone failed to meet his burden to show that JAG Auto Body’s counsel had “the clear and unequivocal authority to settle on the client’s behalf,” we are compelled to reverse. See Collado v. Pavlow, 951 So.2d 69, 71 (Fla. 5th DCA 2007); Sharick v. Se. Univ. of the Health Scis., Inc., 891 So.2d 562, 565 (Fla. 3d DCA 2004). Mere employment of an attorney does not give the attorney the implied or apparent authority to compromise the client’s cause of action or settle the client’s claim. Collado, 951 So.2d at 71; Sharick, 891 So.2d at 565.
We also reject any contention that the desire to settle the case prior to a scheduled pretrial conference constitutes an “emergency” justifying an unauthorized settlement. See Johnson v. Skarvan, 992 So.2d 873 (Fla. 5th DCA 2008).
REVERSED and REMANDED.
LAWSON, EVANDER and COHEN, JJ., concur.