# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-136
Lower Tribunal No. 12-44672
_____


**Leta G. Middleton,**
Appellant,

vs.

**Shane D. Hager, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Genny A. Castellanos, for appellant.

Fowler White Burnett and Esther E. Galicia, for appellees.


Before SHEPHERD, EMAS and FERNANDEZ, JJ.

EMAS, J.

Leta G. Middleton, the plaintiff below, appeals orders which dismissed her claims with prejudice and entered judgment in favor of Shane D. Hager and The Martin-Brower Company, based upon a finding of fraud upon the court. Upon our review of the record, together with the thoughtful and thorough order of the trial court, we affirm, holding that the trial court did not err in determining the proper effect of the magistrate's factual findings, and did not abuse its discretion in imposing the ultimate sanction of dismissal.

**PROCEDURAL BACKGROUND**

On September 23, 2011, Middleton was a passenger in a vehicle that was rear-ended by a tractor-trailer driven by Hager, who was employed by Martin-Brower. Middleton allegedly suffered personal injuries[1] from the accident and in November 2012, filed suit against Hager. Martin-Brower was later added as a defendant in the second amended complaint with allegations of vicarious liability and negligent hiring and retention.

In June 2014, Hager and Martin-Brower filed a motion to dismiss Middleton's complaint for fraud on the court, based on Middleton's uncontested failure to disclose material information concerning her prior accidents and medical

---

[1] These alleged injuries included neck and back pain as well as damaged nerves in her hands and arms, and "numbness, tingling, pins and needles and chronic pain throughout [her] body" and, according to her sworn deposition, all of Middleton's ailments began when she was in the subject accident and she never suffered from any of these ailments prior to the subject accident.

2

history that were directly related and pertinent to the causation and damages elements of the claims in the instant case.

The lower court referred the motion to a general magistrate[2], and an evidentiary hearing was held before the magistrate on July 24, 2014. The hearing centered on six material affirmative misrepresentations by Middleton, made in the course of her deposition and in answers to interrogatories:

1. Middleton denied that she had been in any prior auto accidents.

2. Middleton testified she was "certain" that, prior to the subject accident, she had never complained of neck or back pain, or of numbness or tingling in her arms or legs.

3. Middleton denied that, prior to the subject accident, she had ever seen an orthopedist, orthopedic surgeon, neurologist, neurosurgeon, pain management doctor.

4. Middleton testified that she had never had an X-ray, CT scan, or MRI on her neck or back prior to the subject accident.

5. Middleton testified that the first time she ever felt numbness in her hands was following the subject accident.

6. Middleton denied that she ever received physical therapy prior to the subject accident, except for a twisted ankle "years and years" before the subject accident.

The magistrate determined that the evidence presented at the hearing established that Middleton provided false testimony and affirmative misinformation on multiple occasions throughout the course of discovery

---

[2] See generally, Fla. R. Civ. P. 1.490.

concerning prior accidents and her highly relevant and critical medical history. Specifically, the magistrate found the evidence established that:

1. Middleton was involved in a prior head-on vehicular accident in November 2004 and was taken to Memorial West Emergency Room for treatment of her injuries.

2. At Memorial West Emergency Room, Middleton complained of numbness and tingling in her arms and legs, and received medical treatment for back pain.[3] Middleton returned to the same emergency room in September 2005, again complaining of numbness and tingling in her extremities.

3. Middleton was seen by neurologist Dr. Ken Fischer on four different occasions in 2009, complaining of neck pain radiating down her right side.

4. Middleton underwent a nerve conduction study and cervical MRI at North Shore Medical Center in 2009, which revealed abnormalities.

5. Middleton was examined by orthopedic surgeon Dr. Michael Wilensky on September 2, 2011 (just three weeks before the subject accident) where she complained of chronic neck and back pain over the past two years with a recent "flare up". Dr. Wilensky prescribed three weeks of physical therapy.

6. Middleton was treated at Select Physical Therapy on September 10, 2011 (just 13 days before the subject accident) for "chronic" neck and back pain.

In addition, the magistrate made four significant findings of fact:

---

[3] The Memorial West hospital records indicated that during the November 2004 emergency room visit, Middleton complained of a ten-year history of back pain. X-rays were taken at that time and showed Middleton had moderate degenerative disease of the same areas of the spine for which she underwent surgery following the subject accident.

4

First, the magistrate found that *Middleton's sworn answers* on each of [the above] six material facts *were, in fact, false, and not the result of her poor memory or confusion.* Middleton's *misleading and false discovery answers* resulted *in an almost* successful *effort to mislead the Defendants' and interfere with their ability to determine the truth* about her 2004 head-on auto collision and her significant and material past medical diagnoses and treatment for the identical medical problems she now claims were caused by the September 2011 accident. The magistrate thus clearly rejected Middleton's explanation that her failure to disclose the foregoing material information was due to memory loss or confusion.

Second, the magistrate expressly found that Middleton "did not offer any corroborating testimony about her loss of memory of events prior to the [subject] accident."

Third, the magistrate found that Middleton's *testimony and demeanor* during the evidentiary hearing, including her *explanation for her present inability to recall* the names of her doctors and the significant and continuing medical tests, treatment and therapy prior to the September 2011 accident *was not credible.*

Fourth, the magistrate determined that Middleton's *"discovery responses were not mere inconsistencies or failures to remember."*

Despite the foregoing findings of fact, the magistrate recommended to the trial court that it deny the motion to dismiss for fraud because the magistrate

5

concluded that Middleton's "discovery misconduct falls just short of proving [by] clear and convincing evidence . . . a *deliberate scheme* to subvert the judicial process." Instead, the magistrate recommended that the appropriate sanction was an assessment of attorney's fees and costs against Middleton.

Hager and Martin-Brower filed exceptions to the magistrate's report and recommendation, taking issue with the determination that there was no deliberate scheme, and also objecting to the recommendation that the trial court deny the motion to dismiss and limit the sanctions to an award of attorney's fees and costs.

Following a hearing on the exceptions, the trial court entered a seven-page, detailed order rejecting the magistrate's recommendation that it deny the motion to dismiss, finding that: (1) the magistrate's conclusion that Middleton did not engage in a "deliberate scheme" to interfere with the judicial system's ability to adjudicate her claims is not supported by the competent substantial evidence, is contrary to the magistrate's other findings of facts, and is contrary to the magistrate's unequivocal rejection of Middleton's sole explanation (lack of memory and confusion); and (2) the magistrate misapplied the law in light of her unequivocal rejection—as "not credible"—of Middleton's explanations for her blatant omissions, falsehoods, and lack of candor with regard to her prior accidents, injuries and medical care and treatment.

The trial court dismissed Middleton's complaint with prejudice based upon a determination of fraud upon the court and entered final judgment in favor of Hager and Martin-Brower. This appeal followed.

**ANALYSIS**

In Hanono v. Murphy, 723 So. 2d 892, 895 (Fla. 3d DCA 1998), this court observed that "[o]ur courts have often recognized and enforced the principle that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends." Importantly, "the trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court." Cox v. Burke, 706 So. 2d 43, 46 (Fla 5th DCA 1998). However, "because 'dismissal sounds the death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989)). Thus, "[w]hen reviewing a case for fraud, the court should 'consider the proper mix of factors' and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." Id. (quoting Aoude, 892 F.2d at 1117-18). And "where a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud that permeates the entire

7

proceeding, dismissal of the whole case is proper." Id. at 47. There is no dispute that the lies told by Middleton—that she had never been involved in a prior accident nor sought medical care or treatment for the same types of injuries she alleges were caused by the subject accident—were central to the issue of causation and to her claim for damages in this case. Middleton argues, however, that the trial court substituted its judgment for that of the magistrate and improperly reweighed the evidence in determining that dismissal with prejudice was warranted.

Ordinarily, we would review the trial court's determination in such a case under a narrowed abuse of discretion standard. Williams v. Miami-Dade Cnty. Public Health Trust, 17 So. 3d 859 (Fla. 3d DCA 2009) (holding that, "given the severity of the sanction of dismissal, [the abuse of discretion] standard has been somewhat narrowed in application.") (citing Ramey v. Haverty Furniture Cos., 993 So. 2d 1014, 1018 (Fla. 2d DCA 2008)) for the proposition that the "the trial court's discretionary decision to dismiss must be well-supported by the evidence.") See also Papadopoulos v. Cruise Ventures Three Corp., 974 So. 2d 418, 419 (Fla. 3d DCA 2007) (noting that a "trial court's findings will not be disturbed upon a clear showing of fraud, pretense, collusion or similar wrongdoing.")

In the instant case, however, we must consider the role played by the magistrate in this scenario and its impact on the trial court's (and this court's) review. As this court has previously said, "[o]nce a trial court appoints a magistrate

8

to take testimony and make findings, it loses the prerogative of substituting its judgment for that of the magistrate." Cerase v. Dewhurst, 935 So. 2d 575 (Fla. 3d DCA 2006).  Further:

> When a trial court reviews the recommendations of a general magistrate it takes on the role of an appellate court.  Thus, the trial court's review . . . is limited to determining whether the general magistrate's findings of fact are supported by competent substantial evidence, and whether the general magistrate either made clearly erroneous legal conclusions or misconceived the legal effect of the evidence.

S.V. v. Dep't of Children & Families, 40 Fla. L. Weekly D1583 (Fla. 3d DCA July 8, 2015) (citing Dewhurst, 935 So. 2d at 578).

We conclude that the trial court did not reweigh the evidence or substitute its own findings for those of the magistrate, but rather, correctly determined that although the magistrate's findings of fact were supported by competent substantial evidence, the magistrate misconceived the legal effect of that evidence.  The magistrate's findings of fact were very clear on the fundamental facts at issue: Middleton lied under oath, and on several occasions, about her prior accident, which also involved an automobile collision and resulted in Middleton seeking emergency medical treatment for left-sided body pain, pain across her lower back and numbness and tingling; Middleton lied, under oath and on several occasions, about her prior (and recent) treatment for those injuries; those prior injuries (and the treatment) were substantially the same injuries as those allegedly suffered in

9

the instant case; and Middleton's testimony at the evidentiary hearing was not credible, including her testimony that these prior lies were the result of poor memory or confusion.

The trial court properly and correctly determined the legal effect of the magistrate's factual findings and credibility determinations in rejecting the magistrate's erroneous conclusion that Middleton's numerous affirmative lies and misrepresentations fell "just short" of establishing a deliberate scheme to subvert the judicial process. We hold that, even under a narrowed standard of review, the trial court did not abuse its discretion in concluding that those factual findings warranted the sanction of dismissal with prejudice.[4]

We affirm the trial court's order dismissing Middleton's action with prejudice and entering judgment in favor of Hager and Martin-Brower.

---

[4] Indeed, relevant case law from this court provides support for the proposition that the factual determinations in the instant case not only warrant dismissal, but *require* it. Storm v. Allied Universal Corp., 842 So. 2d 245 (Fla. 3d DCA 2003) (reversing trial court's order granting new trial and holding dismissal was required instead); Metro. Dade Cnty. v. Martinsen, 736 So. 2d 794 (Fla. 3d DCA 1999); Murphy, 723 So. 2d at 896 (noting trial court has a duty to dismiss the complaint where plaintiff perjured himself as to his physical restrictions following an alleged dog attack.) See also, Papadopoulos, 974 So. 2d at 418; Leo's Gulf Liquors v. Lakhani, 802 So. 2d 337 (Fla. 3d DCA 2001).