DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVIVIT COHEN,**
Appellant,

v.

**YOSSI ALKOBI,**
Appellee.

No. 4D2025-1056

[December 17, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kristin R. Kanner, Judge; L.T. Case No. FMCE-20-004206.

Daniel Saltzman of Nizahon Law, P.A., Sunrise, for appellant.

David Scott of Law Office of David Scott, P.A., Weston, for appellee.

PER CURIAM.

The former wife appeals a trial court order that vacated a general magistrate's recommended temporary attorney's fees order and set aside the magistrate's $200,000 present-income determination for temporary relief. The former wife argues the trial court failed to limit its review to confirming competent, substantial evidence and using correct standards. We agree and reverse.

- *The Facts*

In this dissolution of marriage case, the trial court referred temporary relief issues to a general magistrate. The referral and hearings encompassed the former wife's motion to impute income to the former husband and her renewed motion for temporary attorney's fees and costs.

The general magistrate granted the former wife's motion to impute income to the former husband without prejudice. The general magistrate rejected the former husband's self-reported $50,000 income, and found "that imputation of $200,000 annually is appropriate based upon the 2023

business earnings given the severe co-mingling of his business and personal finances and his failure to provide testimony or evidence of reasonable business expenses." The general magistrate recommended $18,300 in temporary attorney's fees and $15,820 in costs with an itemized budget and payment schedule.

The general magistrate did not include findings of voluntary unemployment or underemployment necessary for statutory income imputation under section 61.30(2)(b), Florida Statutes (2020). *See Silberman v. Silberman,* 670 So. 2d 1109, 1110 (Fla. 3d DCA 1996); *Bromson v. Dep't of Revenue,* 710 So. 2d 154, 155 (Fla. 4th DCA 1998).

The trial court initially entered an order ratifying the general magistrate's recommended order. The former husband moved to vacate the trial court's order. The trial court granted the motion, finding:

- no competent, substantial evidence of commingling because bank records were not admitted;

- the magistrate had imputed income without a finding that the husband was underemployed or that such underemployment was voluntary;

- the imputation of income was based on business revenue, not income, and a five-year-old tax return; and

- insufficient direction regarding fees and costs.

A subsequent trial court order clarified, vacated, and nullified the first order, but again granted the motion to vacate and withdrew the temporary attorney's fees and cost award on the same basis.

From this last order, the former wife now appeals.

- ***The Analysis***

The former wife argues the trial court erred in vacating the order ratifying the general magistrate's recommendations because bank statements were introduced at the evidentiary hearing. She suggests the documents speak for themselves and support her position.

The former husband responds that he "did not admit any documents" at the hearing and the findings were based on testimony, credibility, and

2

the lack of expense proof. He further responds that the bank statements were not admitted, instead pointing to a Financial Affidavit, a 2018 tax return, and counsel's litigation budget that were admitted.

When reviewing a general magistrate's report, a trial court acts as an appellate tribunal. *Middleton v. Hager*, 179 So. 3d 529, 533 (Fla. 3d DCA 2015). The trial court's role is limited to determining whether the general magistrate's factual findings are supported by competent, substantial evidence and whether the magistrate applied the correct standards. *Allison v. Allison*, 363 So. 3d 1129, 1133-34 (Fla. 2d DCA 2023). The trial court is not permitted to reweigh evidence or substitute its judgment for supported findings.

We have de novo review of whether the trial court properly applied that standard of review. *Id.* at 1133-34; *Middleton*, 179 So. 3d at 533. We also have de novo review of legal questions, and any remedial decision is evaluated for abuse of discretion within the appropriate framework. *Id.*

Here, the general magistrate set income at $200,000 for temporary relief based on 2023 revenue testimony, credibility findings, historic earnings for corroboration, and the lack of expense proof. The trial court vacated that figure on imputation grounds and because the general magistrate had relied on stale revenue and a five-year-old tax return.

Florida law distinguishes present income under section 61.30(2)(a) from imputation under section 61.30(2)(b). A trier of fact may find that a party earns more than claimed based on testimony and credibility; that is a present-income finding, even if the order uses the word "impute." *Newman v. Newman*, 221 So. 3d 642, 644-45 (Fla. 4th DCA 2017). Here, the general magistrate's income determination aligns with section 61.30(2)(a). By relabeling the general magistrate's income determination as imputation of income and setting it aside, the trial court exceeded its review authority under Florida Family Rule of Procedure 12.490.

Competent, substantial evidence need not be documentary. For self-employed payors, testimony, credibility, and historical context can support an income figure when proof of expenses is missing. *Ugarte v. Ugarte*, 608 So. 2d 838, 840 (Fla. 3d DCA 1992). Here, the general magistrate's recommended order reflected such an analysis. The former husband's arguments mainly challenged the weight and labeling of the evidence and findings, which the trial court could not revisit.

We therefore reverse the trial court order vacating the $200,000 income figure on imputation grounds, and remand to the trial court for explicit

section 61.16(1) findings and workable directions consistent with the magistrate's present-income determination.

*Reversed and remanded.*

GERBER and CONNER, JJ., concur.

MAY, J., dissents with opinion.

MAY, J., dissenting.

I respectfully disagree with the majority and therefore dissent from its opinion. The wife moved to impute income to the husband. The general magistrate did just that—"imputed" income to the husband. However, the general magistrate did so without making the required statutory findings.

I don't disagree with the majority's premise that a court can overstep its bounds when it supplants its findings with that of a general magistrate. However, a careful reading of the trial court's order reveals that the trial court did precisely what it is legally required to do: it reviewed the general magistrate's order, which "imputed" income to the former husband, for competent substantial evidence. *See Allison*, 363 So. 3d at 1133–34. It found that evidence lacking.

The general magistrate had relied on the husband's five-year-old, pre-pandemic business revenue (not income) and a five-year-old, pre-pandemic tax return. The trial court found that no bank records were admitted into evidence. The trial court also found the general magistrate failed to make the requisite finding that the husband was underemployed—or that such underemployment was voluntary, pursuant to section 61.30(2)(b), Fla. Stat. (2020)—warranting the imputation of income.

In my opinion, the trial court neither reweighed the evidence nor exercised discretion beyond what is allowed. I would affirm.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

4