PER CURIAM.
This is a consolidated appeal of three rulings by the probate court regarding termination of a ward’s voluntary guardianship. The first order appealed required unimpeded access by the guardian to the ward; the second appointed a visitor pursuant to section 744.107, Florida Statutes (1987), to investigate allegations of undue influence; and the third order refused to vacate a previous order setting a hearing at the request of the guardian on the continued need for the guardianship. These are not final appealable orders because they do not determine the rights of any party as required under Florida Rule of Probate and Guardianship 5.100. Nor can we fit them into any class of final appealable orders.
We have considered whether these orders may be appropriately considered as petitions for writs of certiorari. However, a writ of certiorari will issue *959 where there is a departure from the essential requirements of law which will cause material injury to the petitioner throughout the proceeding and which cannot be adequately redressed on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). The gist of appellant’s complaint here is that the probate court should not be entitled to conduct a hearing on the continued need for a guardian where a competent ward wishes to terminate a voluntary guardianship, relying on Bryan v. Century National Bank, 498 So.2d 868 (Fla.1986). Even if we consider this a departure from the essential requirements of law, there is an adequate remedy by appeal from any final order which may be rendered on the petition to terminate the guardianship. We have previously held that the fact that appellant may have to incur the expense and inconvenience of going through a hearing is not grounds for the appellate court to exercise its extraordinary writ jurisdiction. Hartford Acc. and Indem. Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); see also Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986) (Glickstein, J., specially concurring). We can see no reason why the remedy on plenary appeal is not adequate here under the standard of the foregoing cases. Thus, certiorari is unavailable in this case.
We therefore dismiss the appeals for lack of jurisdiction.
LETTS and WALDEN, JJ., concur.
WARNER, J., concurs specially with opinion.