637 So.2d 938 (1994)
Jannell McBRIDE, Appellant,
v.
George H. McBRIDE, Appellee.
No. 93-01213.
District Court of Appeal of Florida, Second District.
May 25, 1994.
Arthur D. Deckelman, of Arthur D. Deckelman & Associates, P.A., Palm Harbor, for appellant.
Joseph S. Alexander, Clearwater, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Jannell McBride (Wife), appeals the trial court order that reduced the amount that appellee, George H. McBride (Husband), had been required to pay for Wife's medical expenses and attorney's fees under a marital settlement agreement that had been incorporated into the final judgment of dissolution. We reverse because the agreement as to Wife's medical expenses was nonmodifiable, and the record does not support a requirement that Wife pay her own attorney's fees.
The critical provisions of the marital settlement agreement are as follows:
3. MAINTENANCE OF WIFE: At the time of the dissolution of marriage, the Husband is employed by Honeywell and receiving numerous company benefits. The Husband also earns income as a part-time real estate broker. At the time of the dissolution of marriage, the Wife is physically unable to work outside the home due to illness with melanoma cancer, severe migraine headaches and permanent injury to back and shoulders as a result of a car *939 accident. Due to the Wife's ill health, the Husband agrees to provide maintenance for the Wife in the manner that she is accustomed to, as follows:
....
e. The Husband agrees to give unto the Wife the sum of One thousand two hundred fifty-one and 00/100 Dollars ($1,251.00) per month, payable in the amount of $625.50 on the 4th of each month and $625.50 on the 19th of each month, which will cover the following expenses but not limited to: utilities, garbage, charge accounts, current hospital bills, insurance (two New York Life policies as previously mentioned herein), groceries, paper, Trader, Digest, American Express, Cable T.V., compensation for the maintenance of her home, mortgage and/or rent, clothing, car maintenance such as gasoline, tires and upkeep of an automobile, incidentals and income tax which the Wife will be obligated to pay each year, or any other necessary living expenses.
....
4. MEDICAL: The Husband agrees that he will pay all of the Wife's medical, dental, and ocular expenses that the Wife has and the Husband agrees to obtain insurance to provide coverage for these obligations.
....
9. ATTORNEY'S FEES, COURT COSTS AND EXPENSES: Each party shall be responsible for his or her own attorneys' fees and costs incurred in this action, but the Husband agrees to be responsible for any future attorneys' fees incurred should the Husband become in default and legal action become necessary.
Within a year-and-a-half of the dissolution, Wife was back in court seeking enforcement of the marital settlement agreement. On July 10, 1987, she moved to have Husband held in contempt. In response, Husband moved to set aside the marital settlement agreement and for modification. At that time, Husband was not making full alimony payments and had allowed Wife's medical insurance to lapse. He was also borrowing large sums of money both from individuals and through his signature loan account at Honeywell, from which he could borrow $5,000.00 to be repaid through payroll deductions.
Following hearings, Judge McNulty entered an order on September 23, 1987, finding that Husband had wrongfully deprived himself of the present ability to comply with the marital settlement agreement. The court found that while Wife was still unemployable as a result of her ill health, Husband was employed by Honeywell and had additional outside employment. However, due to substantial payroll deductions, his take-home pay was insufficient to allow full compliance with his obligations under the marital settlement agreement. At that time, Husband's monthly pay was $2,825.23, less deductions, plus income from his secondary employment. The trial judge denied Wife's motion for civil contempt because it found Husband had no ability to purge himself.
Accordingly, the court denied Husband's petition to set aside the marital settlement agreement and ordered the $20,966.57 arrearage due Wife reduced to judgment and, consequently, subject to garnishment. The court also ordered that the required alimony payments temporarily be reduced to $150.00 per week, plus $100.00 per week toward reduction of the arrearages. Husband was ordered to minimize deductions from his paychecks and to refrain from borrowing funds that would impair his ability to comply with the agreement or the order.
On November 30, 1987, Wife appealed. We affirmed, issuing our mandate on August 23, 1988. Before the mandate issued, however, Husband filed a Chapter 7 Petition for Bankruptcy. Husband was discharged in bankruptcy on October 13, 1988, but the bankruptcy stay was not lifted until November 1988.
After this court issued its mandate and the bankruptcy stay was lifted, Wife moved for attorney's fees and costs. That motion was denied in January 1989, and Wife again appealed. We reversed and issued our mandate on October 24, 1989. On December 7, 1989, pursuant to our mandate, Wife moved once again to assess attorney's fees and costs. The trial court awarded the attorney's *940 fees on January 5, 1990. Wife again filed a motion to compel and for contempt on May 20, 1991.
As a final result of these motions, Judge Case referred this case to the general master. The master filed his report and recommendations, Wife filed a request for clarification and Husband filed objections. The master filed his amended report and recommendation on February 15, 1993.
In that amended report, the master found that although Husband had continued borrowing funds in contravention of Judge McNulty's order, the issue was moot because it did not impair Husband's ability to comply with the alimony ordered by Judge McNulty of $150.00 per week, plus $100.00 per week in arrearages. The general master further found that Husband's base pay was $3,417.59 gross per month, and that Husband had reduced his voluntary payroll deductions and was, "other than normal living expenses, debt free." The master concluded that the agreement should be partially reinstated. He recommended that Wife's alimony be increased from $250.00 to $290.00 per week, that Husband pay half of Wife's medical, dental and ocular expenses up to a maximum of $175.00 per month, that Wife apply for such Social Security or other benefits she may be entitled to, and that each party bear his/her own attorney's fees and costs incurred in the proceeding. Finally, the master recommended that the matter could be brought again after one year had expired in order to address any changes in circumstances. Wife's objection to the master's amended report was denied without a hearing by a March 3, 1993 order adopting the report.
While Wife raises numerous issues in this appeal, three warrant discussion and cause us to reverse.
First, the trial judge erred when he denied Wife's timely objections to the master's amended report without an evidentiary hearing. See Fla.R.Civ.P. 1.090(a)(e) and 1.490(h); Ellett v. Ellett, 546 So.2d 1108 (Fla. 2d DCA 1989). However, because of the actions we take in this appeal, that error becomes moot.
Second, the trial judge erred in adopting that portion of the amended master's report that reduced Husband's obligations to pay Wife's medical expenses. The marital settlement agreement required Husband to pay all of Wife's medical, dental and ocular expenses and to obtain insurance coverage for those items. Husband failed to maintain the required health insurance, and Wife, because of her poor health, is unable to secure same. The master's amended report contains the following finding:
The evidence was undisputed that the Wife has severe medical problems, including a back problem from a 1973 accident, leg spasms, migraine headaches, heart blockage, ulcer, cystic breasts, internal hemorrhoids in need of surgery, cataract, and a history of melanoma which requires periodic testing, and that the Wife requires numerous ongoing medications. It was undisputed that the Wife has no ability to work and support herself.
The report further finds that:
[T]he Wife has no income other than alimony, and her reasonable monthly expenses exceed her income by over $900.00, if certain excessive or non-essential expenses are factored out and by over $1,075.00 if all of the Wife's listed expenses are considered. Other than the home, she has no appreciable assets.
Husband, however, through his discharge in bankruptcy, is essentially debt-free. His gross monthly salary, according to his financial affidavit, at the time of the master's report was $3,417.59. Yet, the amended master's report approved by the trial judge made the following recommendation:
RECOMMENDED that the Husband pay one half of the Wife's medical, dental and ocular expenses, to a maximum contribution of $175.00 per month. This contribution is intended to be on a month-to-month basis and is not cumulative, but jurisdiction should be retained to allow the Wife to petition for an additional contribution should she suffer a catastrophic illness or her monthly expenses significantly exceed $350.00.
We not only find no support for such a recommendation, we find that the medical *941 payment provision of the marital settlement agreement, as adopted in the final judgment of dissolution, is nonmodifiable. See Rubio v. Rubio, 347 So.2d 1093 (Fla. 2d DCA 1977). However, as with any such provision, it is implicit that those expenses must be reasonable and necessary. Accordingly, since the provision here could subject Husband to uncertainty as to the reasonableness or necessity of some medical expenses, we direct the trial court on remand to fashion an order and procedure that will ensure that all of Wife's reasonable and necessary medical, dental and ocular expenses are paid.
Third, and finally, we find that the trial judge erred in approving the master's recommendation that each party bear his or her own attorney's fees and costs. The marital settlement agreement requires Husband to pay for any future attorney's fees incurred by Wife "should the husband become in default and legal action become necessary." The circumstances here fit clearly within that provision. Moreover, Wife is clearly the disadvantaged party regarding ability to pay such fees and costs. On remand, the trial court should hold the necessary hearings to determine those fees and costs as well as fees and costs for Wife on appeal.
Reversed and remanded with instructions.
PATTERSON and LAZZARA, JJ., concur.