751 So.2d 64 (1999)
Duane J. KNORR, Petitioner,
v.
Della H. KNORR, Respondent.
Nos. 99-00764, 99-03339.
District Court of Appeal of Florida, Second District.
October 1, 1999.
Lawrence J. Marraffino of Lawrence J. Marraffino, P.A., Gainesville, for Petitioner.
George Vega, Jr. of Vega, Stanley, Zelman & Hanlon, P.A., Naples, for Respondent.
PER CURIAM.
We have consolidated these cases to address two civil contempt orders which have *65 been entered in ongoing proceedings to dissolve the marriage of Duane and Della Knorr. Mr. Knorr was found to have violated temporary support directives and held in contempt by orders dated January 28, 1999 and August 9, 1999. We find fault with both.
As a preliminary matter, we note that the district courts of appeal disagree about whether prejudgment civil contempt orders are reviewable by interlocutory appeal or by certiorari. See generally Dept. of Health and Rehabilitative Services v. Beckwith, 624 So.2d 395, 397 (Fla. 5th DCA 1993). In case number 99-00764, Mr. Knorr sought review of the January order by filing a petition for writ of certiorari. At that time, we ordered that the case would proceed as an appeal of a nonfinal order. On further reflection, we conclude that prejudgment civil contempt orders are more properly reviewed by certiorari. See Sears v. Sears, 617 So.2d 807 (Fla. 1st DCA 1993); Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA 1986). But see Alves v. Barnett Mortgage Co., 688 So.2d 459 (Fla. 4th DCA 1997).
The January order held Mr. Knorr in contempt for, among other things, failing to comply with an August 25, 1998 directive that he pay certain bills. Attached to the August order was a list of bills totaling $26,598.30 which Mr. Knorr was required to pay except in two specific respects. First, Mr. Knorr was excused from paying a listed $5,986.74 charge for nursing home services to Mr. Knorr's mother. Second, a $1,050 bill for a housekeeper's services was adjusted to $550. In addition, the court ordered Mr. Knorr to pay $7,500 in temporary fees to Mrs. Knorr's attorneys.
The January contempt order again directed Mr. Knorr to pay the listed bills as previously ordered on August 25, 1998, plus $3,750 toward the outstanding temporary attorneys fee obligation. The order provided that if Mr. Knorr failed to comply within 20 days, he would be jailed for 10 days pursuant to a writ of bodily attachment which would issue without further hearing. Subsequently, the court issued a writ ordering Mr. Knorr's arrest to begin serving his sentence. It provided that he could gain his release by paying $30,348.30. That purge amount equaled the sum of the temporary attorneys fee payment and the total of the bills listed in the August 25, 1998 order without adjustment for the nursing home and housekeeper's bills.
Non-support related debts, such as the bill from the nursing home in which Mr. Knorr's mother resided, are not enforceable by threat of incarceration. See Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (1941); Montanez v. Montanez, 697 So.2d 184 (Fla. 2d DCA 1997). Further, a party may be held in contempt only if he has willfully disobeyed a directive of which he has been placed on notice. See White v. State, 592 So.2d 1184 (Fla. 5th DCA 1992). Here, Mr. Knorr not only had received no prior notice that he was required to pay the nursing home bill and the full amount of the housekeeper's bill; the court had expressly informed him that he was not required to do so. In these two respects, the January 1999 contempt order departs from the essential requirements of law, and is quashed. We reject Mr. Knorr's other challenges to that order.
The August 9, 1999 contempt order, giving rise to our case number 99-03339, was rendered based on the report and recommendation of a special master to whom the matter had been referred. Mr. Knorr timely filed exceptions to the special master's report and recommendation. The circuit court entered the contempt order and thereby rejected Mr. Knorr's exceptions without conducting a hearing on them. Florida Family Law Rule of Procedure 12.492(g) provides that if exceptions are made to the report of a special master, they shall be heard on reasonable notice by either party. This provision and its counterpart, rule 12.490(f) regarding reports of general masters, derive from *66 Florida Rule of Civil Procedure 1.490(h). All three contain substantially the same language providing for a hearing on exceptions to a master's report and recommendation. In part based on due process concerns, the language of the civil procedure rule has been held to be mandatory. See McBride v. McBride, 637 So.2d 938 (Fla. 2d DCA 1994); Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985); Monyek v. Monyek, 453 So.2d 504 (Fla. 3d DCA 1984). In this case, the circuit court departed from the essential requirements of law by holding Mr. Knorr in contempt without first conducting a hearing on his exceptions to the special master's report and recommendation. Accordingly, we quash the August 9, 1999 contempt order. We do not pass on the merits of Mr. Knorr's exceptions to the special master's report and recommendation, and those exceptions remain pending below.
Certiorari granted to the extent that the order of January 28, 1999, is quashed in part, and the circuit court is directed to amend its order in compliance with this opinion. Further, certiorari is granted, and the contempt order of August 9, 1999, is quashed in its entirety.
THREADGILL, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.