DAVIS, Judge.
J.M.V. challenges the trial court’s final judgment, adjudicating him guilty of criminal contempt for failure to pay child support and sentencing him to 100 days’ county jail with a $4050 purge amount payable after serving twenty-five days in jail. We reverse.
Although the trial court styled its contempt order “Judgment of Guilt and Sentence of Criminal Contempt of Court,” in actuality, it fashioned a hybrid sentence, employing both its criminal and civil contempt powers. Because the trial court required J.M.V. to serve the first twenty-five days of the sentence before paying any purge amount, that portion of the sentence is criminal in nature. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985) (“The purpose of criminal contempt ... is to punish. Criminal contempt proceedings are utilized to vindicate the authority of the court or to punish for an intentional violation of an order of the court.”).
*1234 However, because J.M.V. can avoid the remainder of his sentence by paying the purge amount, that portion of his sentence is in fact civil in nature. See id. (“[T]he purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court.”).
If the trial court finds that a person has failed to pay the child support previously ordered by the court at a time when he had the financial ability to do so, the court may, in addition to or in lieu of punishing the person, enter a civil contempt order of incarceration to obtain compliance. Bowen, 471 So.2d 1274. However, before doing so, the trial court must set a purge amount and make a finding that the person has the present ability to pay whatever purge amount the trial court sets. Id.
Once the court finds that a civil contempt has occurred, it must determine what alternatives are appropriate to obtain compliance with the court order. If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.
Id. at 1279.
In this case, although the trial court made the finding that J.M.V. was able to make the support payments as they were due, it did not make a separate, affirmative finding regarding J.M.V.’s present ability to pay the $4050 purge amount. Furthermore, the trial court’s finding that J.M.V. was indigent for purposes of appeal affirmatively establishes that at the time the contempt order was entered he did not have the ability to pay the purge amount. See id. (“The finding of the trial judge that the respondent was indigent for purposes of the appeal affirmatively establishes that the respondent was indigent and had no present ability to pay the purge amount.”). As such, we must reverse.
Reversed.
ALTENBERND, C.J., and WALLACE, J., Concur.