918 So.2d 997 (2006)
Elizabeth F. YOXSIMER, Appellant,
v.
Roger L. YOXSIMER, Appellee.
No. 2D05-2548.
District Court of Appeal of Florida, Second District.
January 20, 2006.
*998 Toni A. Butler of Toni A. Butler, P.A., Naples, for Appellant.
Tom Grogan of Grogan and Nicola, Naples, for Appellee.
ALTENBERND, Judge.
Elizabeth F. Yoxsimer (the Wife) appeals a nonfinal order from the trial court that denied her exceptions to a general magistrate's recommendation without first conducting a hearing. The appellee (the Husband) concedes error. We treat the appeal as a petition for writ of certiorari and grant the petition.[1]
During the pendency of a dissolution proceeding, the Husband filed a motion to compel the Wife and children to return to Florida. At the time, the Wife and children were living in California. Allegedly, the Wife had fled with the children after the Husband continued to violate a no-contact order. The magistrate issued a recommendation that the Wife return to Florida with the couple's children on a permanent basis to foster visitation and reunification between the children and the Husband. The Wife filed exceptions to the magistrate's order and requested a hearing. Without conducting a hearing, the trial court denied the Wife's exceptions and ordered the Wife to return to Florida with the children.
The trial court erred when it denied the Wife's exceptions to the magistrate's order without first conducting a hearing. Florida Family Law Rule of Procedure 12.490(f)[2] provides that if exceptions are filed to a general magistrate's report, they "shall be heard on reasonable notice by either party or the court." This rule derives from Florida Rule of Civil Procedure 1.490(h), which also requires that exceptions be heard with reasonable notice.
"Appellate courts throughout this state have uniformly interpreted rule 1.490(h) to require a mandatory hearing before the trial court on the parties' exceptions if one is requested." Ellett v. Ellett, 546 So.2d *999 1108, 1109 (Fla. 2d DCA 1989). Because the Wife requested a hearing on the exceptions but was not provided one, the trial court deprived her of due process and departed from the essential requirements of law. See Knorr v. Knorr, 751 So.2d 64 (Fla. 2d DCA 1999) (holding the trial court departed from essential requirements of law by failing to conduct a hearing on the husband's exceptions to the special master's report).
Petition for writ of certiorari granted.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] This court issued an order asking the parties to address the jurisdictional basis for the appeal. Neither party addressed this issue. Although this case was filed as an appeal of a nonfinal order, we are not inclined to believe this appeal falls within Florida Rule of Appellate Procedure 9.130. Thus, we treat this appeal as a petition for writ of certiorari.
[2] Florida Family Law Rule of Procedure 12.492(g) contains the same language regarding exceptions to reports filed by a special magistrate. It is noteworthy that chapter 2004-11, Laws of Florida, changed all references to "general master" and "special master" in these two rules to "general magistrate" and "special magistrate."