SILBERMAN, Judge.
Anthony C. Granell, the Former Husband, appeals the trial court’s orders adopting a general magistrate’s recommended order and denying his exceptions to the magistrate’s report. The magistrate’s recommended order resolved certain issues raised by Margaret Granell, the Former Wife, in a motion for contempt, for enforcement of alimony, and to prohibit unilateral setoffs against alimony. The magistrate found the Former Husband to be in contempt of court for willfully failing to comply with the final judgment of dissolution of marriage by allowing the Former Wife’s health insurance coverage to lapse when he sold his medical practice and by not maintaining insurance coverage for her. The magistrate stated that she was withholding the imposition of contempt sanctions, but she recommended that the Former Husband be obligated to pay the Former Wife’s past medical expenses (including hospital, medical, and prescription drug bills), her future prescription drug bills, and her reasonable future medical bills. The trial court denied the Former Husband’s exceptions and adopted and ratified the magistrate’s report.
We affirm without discussion the finding of contempt. As to the finding that the Former Husband should be obligated to pay the Former Wife’s medical expenses, we reverse and remand for further proceedings for the following reasons: (1) the magistrate misstated the burden of proof, stating that “[t]he Former Husband, as the noncomplying party, had the burden of proof as to the reasonableness and medical necessity of the medical services” provided to the Former Wife; (2) neither the trial court nor the magistrate made any findings as to whether the medical expenses claimed by the Former Wife were reasonable or necessary; (3) neither the trial court nor the magistrate determined the Former Husband’s ability to pay the Former Wife’s medical expenses; and (4) neither the trial court nor the magistrate determined whether any appropriate limitations should be imposed as to the Former Husband’s liability for future medical expenses.
As to the first two reasons for reversal, the Former Husband argues, among other things, that the magistrate erred in stating that he had the burden of proving that the Former Wife’s medical expenses were not reasonable and necessary and that the magistrate failed to make findings that the medical expenses were reasonable and necessary. We agree that the Former Wife, as the party seeking to recover her medical expenses, has the burden of establishing that the expenses were reasonable and necessary. See Albertson’s, Inc. v. Brady, 475 So.2d 986, 988 (Fla. 2d DCA 1985); see also East West Karate Ass’n, Inc. v. Riquelme, 638 So.2d 604, 605 (Fla. 4th DCA 1994) (citing Albertson’s). Further, the Former Husband is only liable for medical expenses that are reasonable and necessary. See McBride v. McBride, 637 So.2d 938, 941 (Fla. 2d DCA 1994).
At a hearing on her motion, the Former Wife testified as to her medical problems and related expenses. She also presented billing statements to the magistrate. The Former Husband acknowledged that many of the expenses were legitimate. However, the magistrate did not make any findings as to the reasonableness or necessity of the Former Wife’s expenses, and the trial court did not address the issue except to generally deny all of the Former Husband’s exceptions. In light of the magistrate’s incorrect statement as to the burden of proof and the lack of any findings as to the reasonableness or necessity of the medical expenses, we reverse and remand for further proceedings. On remand, appropriate find *515 ings must be made in accordance with the evidence and the correct legal standards.
As to the third reason for reversal, the Former Husband correctly argues that the magistrate and the trial court could not order him to pay the Former Wife’s medical expenses without finding that he has the present ability to pay the expenses. See Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985); see also Fla. Fam. L.R.P. 12.615(c)(2)(A), (d)(1), (e); In re N.V. v. State, 890 So.2d 1232, 1234 (Fla. 2d DCA 2005); Giallanza v. Dep’t of Revenue, 799 So.2d 256, 258 (Fla. 2d DCA 2001). Accordingly, we reverse and remand, noting that it appears likely further evidentiary proceedings will be required in order to address the Former Husband’s ability to pay in light of the passage of time and possible changes in the parties’ financial conditions.
As to the fourth reason for reversal, the Former Husband argues that the orders improperly require him to pay the Former Wife’s future, reasonable medical bills without limiting his liability to those expenses that are medically necessary. See McBride, 637 So.2d at 941. Further, he argues that the magistrate erred in recommending that he pay past and future medical expenses that would not have been covered by her prior insurance, had it not lapsed, or that may have been subject to a deductible. He contends that his obligation to pay should be limited to those reasonable, necessary expenses that the Former Wife’s insurance would have covered and that are consistent with his present ability to pay.
At the hearing before the magistrate, neither party introduced the insurance policy that had been in place before the Former Husband sold his medical practice. However, the Former Wife acknowledged that the policy included a copay requirement for prescriptions, and she indicated her belief that the policy would have covered 80% of her medical bills.
In King v. King, 530 ,So.2d 431 (Fla. 1st DCA 1988), the trial court directed Mr. King to pay his minor child’s medical bills after he failed to procure health insurance for the child as required by the final judgment of dissolution. The First District found that the trial court should not have ordered the former husband to pay the child’s medical expenses without first determining the following:
(1) whether the medical expenses incurred by the minor child would have been covered by the policy of insurance which the husband was ordered to procure, or were the type of expenses the trial court contemplated would be covered by the policy of insurance; and (2) the appropriate method of allocating the payment of those expenses not covered by the policy of insurance, if any, between the two parties, after considering the relative financial ability of each to pay.
Id. at 433. In Edgar v. Edgar, 668 So.2d 1059, 1061 (Fla. 2d DCA 1996), this court noted that “[a] court’s failure to set any limit on health insurance and noncovered expenses constitutes reversible error.” See also Notarianni v. Notarianni, 622 So.2d 1144, 1145 (Fla. 2d DCA 1993) (holding that the trial court erred in imposing an open-ended obligation on the former husband for the former wife’s medical insurance and post-judgment medical expenses); Van Metre v. Van Metre, 551 So.2d 593, 594 (Fla. 2d DCA 1989) (concluding that an order requiring the former husband to pay the former wife’s reasonable and necessary medical expenses that were not covered by insurance improperly imposed open-ended and unlimited financial liability and was unenforceable).
*516 Here, the magistrate’s recommended order states that the Former Husband may avoid the imposition of contempt sanctions by paying all of the Former Wife’s past and future medical expenses. The order does not limit the Former Husband’s payment to those reasonable and necessary medical expenses that would have been covered by insurance had the Former Husband fulfilled the insurance requirement contained in the final judgment, and it makes no finding as to the Former Husband’s ability to pay. Thus, we reverse and remand for the trial court to determine any appropriate limitations that should be placed on the Former Husband’s obligation to pay the Former Wife’s medical expenses.
For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
CASANUEVA and SALCINES, JJ., Concur.