SAWAYA, J.
 

 In this appeal of a final judgment rendered in a dissolution of marriage proceeding wherein the trial court adopted all of the recommendations and findings of the magistrate, we reverse because the trial court failed to hold a hearing on Husband’s timely filed exceptions to the magistrate’s report before entering the final judgment.
 
 See
 
 Fla. Fam. L.R.P. 12.490(f) (providing that if exceptions are filed to a general magistrate’s report, they “shall be heard on reasonable notice by either party or the court”);
 
 Yoxsimer v. Yoxsimer,
 
 918 So.2d 997 (Fla. 2d DCA 2006) (holding that rule 12.490(f) requires a mandatory hearing on timely filed exceptions to a magistrate’s report and explaining that this rule derives from Florida Rule of Civil Procedure 1.490(h), which also requires a mandatory hearing on timely filed exceptions to a magistrate’s report);
 
 Knorr v. Knorr,
 
 751 So.2d 64, 65-66 (Fla. 2d DCA 1999) (observing that Florida Family Law Rules of Procedure 12.490(f) and 12.492(g) derive from Florida Rule of Civil Procedure 1.490(h) and that all three contain substantially the same provisions requiring a mandatory hearing on exceptions to a master’s report and recommendation);
 
 McBride v. McBride,
 
 637 So.2d 938, 940 (Fla. 2d DCA 1994) (“First, the trial judge erred when he denied Wife’s timely objections to the master’s amended report without an evi-dentiary hearing.”);
 
 see also L.P. v. State,
 
 
 *879
 
 995 So.2d 1140, 1141 (Fla. 5th DCA 2008) (“[W]e write to re-emphasis [sic] the requirement that a hearing must be held on timely-fíled exceptions to a magistrate’s report.”);
 
 Burnstine v. Townley,
 
 976 So.2d 624, 627 (Fla. 5th DCA 2008) (“[T]he trial court erred when it denied his exceptions without first conducting a hearing.”) (citing Yoxsimer);
 
 Collado v. Pavlow,
 
 951 So.2d 69, 70 (Fla. 5th DCA 2007) (same).
 

 Accordingly, we reverse the final judgment under review and remand this case to the trial court to conduct an appropriate hearing on the exceptions to the magistrate’s report filed by Husband.
 

 REVERSED and REMANDED.
 

 ORFINGER and TORPY, JJ., concur.