CLARK, J.
Regernald Richardson appeals the modification of his child support obligations in a paternity action pursuant to chapter 742, Florida Statutes. Because the trial court failed to comply with its own order of referral to the magistrate and with the procedures set out in rule 12.490, Florida Family Law Rules of Procedure, the orders are reversed and this cause remanded.
After the entry of a final judgment of paternity in 2007, the child’s mother petitioned to modify, the child support to be paid by Appellant. She alleged a substantial change in the parties’ circumstances, both in ability to pay child support and expenses needed for childcare. In accordance with rule 12.490, Florida Family Law Rules of Procedure, the petition for modification was referred to a general magistrate and an evidentiary hearing was conducted and transcribed. The parties testified as to their incomes and the magistrate announced that Appellant’s monthly child support payment would increase from $898.00 to $700.00. The magistrate explained the modified payment thusly: “With the daycare costs included, your child support will be $652 a month.” Because Appellant owed arrearages for daycare expenses, the magistrate concluded: “I’m going to make it an even $700 so its going to be 652 plus 48 per month.” Appellant, who was unrepresented at the hearing, indicated that he understood and agreed with the magistrate’s conclusion regarding the new payment amount.
After the hearing, the general magistrate was required by rule 12.490(e), Florida Family Law Rules of Procedure, to file her report and recommendations to the circuit court and copies to the parties.[1] However, here the record does not contain any report or recommendations, and no exceptions to the report or any recommendations were submitted by either party. See Fla. Fam. L.R.P. 12.490(f). It is also impossible to determine from the record and transcript of the hearing whether a proposed order was drafted by counsel for Appellee and copied to Appellant for his review and objections, if any.
Without further proceedings, the trial court entered the orders on appeal — the income deduction order and the order granting modification of child support. The terms of the orders differ from the terms announced by the magistrate at the hearing. Under the orders entered, Appellant’s monthly child support and arrear-age payment was $748.00, plus $225.00 per month for child care and nominal administrative fees. Appellant timely filed his motion for rehearing with an affidavit in support. He asserted under oath that he had never received a copy of any proposed order, magistrate’s report and recommendations, or any other notice that the circuit judge’s orders would require higher payments than those announced by the magistrate at the hearing. Rehearing was summarily denied by the trial court.
Appellant argues that his due process rights were violated by the trial court’s entry of the orders without affording Appellant an opportunity to object to either a magistrate’s recommendations or a proposed order. He relies on several cases holding that when exceptions to a magis *868 trate’s report are filed and a hearing requested, the hearing required by rule 12.490(f), Florida Family Law Rules of Procedure is mandatory. See Yoxsimer v. Yoxsimer, 918 So.2d 997 (Fla. 2d DCA 2006); Knorr v. Knorr, 751 So.2d 64 (Fla. 2d DCA 1999). However, none of the cases referred to by Appellant involve the complete absence of a magistrate’s report and recommendations and this court has been unable to locate such a case.
The trial court’s order of referral to the general magistrate provided that the magistrate “shall file a report and recommendation” after the hearing, and informed Appellant of the procedure under which he might file objections to that report and recommendation. There is no indication in the transcript of the hearing any document filed in the record that the parties agreed to forego these procedures. The final child support amounts in the orders on appeal are substantially greater than the amounts announced by the magistrate at the hearing, and Appellant timely raised his objections to the trial court’s orders in his motion for rehearing. The trial court entered the orders on appeal without following the procedures set out in its own order of referral and required by rule 12.490(e) and (f).
Under these circumstances, the trial court abused its discretion when it entered the orders modifying Appellant’s child support obligations without benefit of the magistrate’s report and recommendations and without affording Appellant the opportunity to file exceptions, as required by rule 12.490(f), Florida Family Law Rules of Procedure.
The Income Deduction Order and the Order Granting Supplemental Petition for Modification of Child Support and Time-sharing are therefore REVERSED and REMANDED for further proceedings to comply with the referral order and rule 12.490(e) and (f), Florida Family Law Rules of Procedure. If a final order modifying child support is entered, it shall refer to the applicable portions of section 61.30, Florida Statutes and include particular findings thereunder, to facilitate appellate review of such order. See Fla. Fam. L.R.P. (Forms) 12.993(b).
VAN NORTWICK and LEWIS, JJ., concur.

. Rule 12.490(e), Florida Family Law Rules of Procedure provides: “The general magistrate shall file a report that includes findings of fact and conclusions of law, together with recommendations.”
Rule 12.490(f) provides: "The general magistrate shall file the report and recommendations and serve copies on all parties. The parties may file exceptions to the report within 10 days from the time it is served on them....”