PER CURIAM.
Myrna and William Murison (the “Murisons”) appeal the trial court’s order dated December 15, 2009, in which the trial court denied the Murisons’ exceptions to the magistrate’s report because it believed them to be untimely and also because the Murisons had not provided the trial court with transcripts from the magistrate hearing. An order denying exceptions to a magistrate’s report is a non-final order and not directly appealable. However, we treat the appeal as a petition for writ of certiorari and grant the writ. See Fla. R. App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.”); Yoxsimer v. Yoxsimer, 918 So.2d 997, 998 & n. 1 (Fla. 2d DCA 2006) (treating an appeal of a denial of exceptions to a magistrate’s report as a petition for writ of certiorari).
First, the trial court erred when it determined that the Murisons’ exceptions were untimely. The certificate of service date on the exceptions was March 2, 2009, the last day for the Murisons to serve exceptions under Florida Rule of Civil Procedure 1.490(h). “[Sjervice by mail is considered complete upon mailing, and the certificate of service is prima facie proof of the service.” Calderon v. Calderon, 26 So.3d 688, 689 (Fla. 5th DCA 2010).
Second, the trial court erred when it denied the exceptions without a hearing, because the Murisons had not yet provided the trial court with transcripts from the magistrate’s hearing. “Appellate courts throughout this state have uniformly interpreted rule 1.490(h) to require a mandatory hearing before the trial court on the parties’ exceptions if one is requested.” Yoxsimer, 918 So.2d at 998 (citation and *1290 quotation omitted). While the Murisons were obligated to provide transcripts to the trial court before any hearing on the exceptions could be held, the trial court was not permitted to deny the exceptions — and the right to a hearing — merely because the Murisons had not provided transcripts up to that point. Had the trial court received indication from the Muri-sons that they were refusing to provide transcripts, then the trial court would be on solid ground in denying the exceptions without a hearing. However, the trial court could not deny the Murisons their unambiguous right to a hearing on timely filed exceptions simply because transcripts had not been provided up to that point.
The trial court’s denial of the Murisons’ timely exceptions without a hearing deprived them of due process and constituted a departure from the essential requirements of the law. Additionally, because an order incorporating the magistrate’s report — conditioned upon no timely exceptions — was already issued by the trial court and the time to appeal that final order has passed, the harm to the Muri-sons is irreparable and cannot be remedied on direct appeal.
We, therefore, grant the petition for writ of certiorari and quash the order dated December 15, 2009, in which the trial court denied the Murisons’ exceptions without a hearing, and remand for further proceedings consistent with this opinion.
POLEN, HAZOURI and CIKLIN, JJ., concur.