CRENSHAW, Judge.
Diane Hanchey petitions for a writ of certiorari and requests review of two circuit court orders adopting the report and recommendations of a magistrate. One order authorizes Owen Hanchey’s guardian to initiate legal proceedings against Ms. Hanchey, Owen Hanchey’s wife. The other order denies Ms. Hanchey’s motion for contact with Mr. Hanchey. Ms. Han-chey argues that the trial court departed from the essential requirements of the law by adopting the magistrate’s report and recommendations on each of these matters without conducting an evidentiary hearing to address Ms. Hanchey’s objections. Ms. Hanchey’s petition is dismissed as to the authorization order because she has failed to establish any material injury that could serve as a basis for the exercise of this court’s extraordinary writ jurisdiction. And Ms. Hanchey’s petition is granted as to the contact order because she has been denied both contact with her ailing husband and due process.
“[A] writ of certiorari will issue where there is a departure from the essential requirements of law which will cause material injury to the petitioner throughout the proceeding and which cannot be adequately redressed on appeal.” In re Guardianship of Anderson, 568 So.2d 958, 958-59 (Fla. 4th DCA 1990) (citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987)). “The second two parts of the test are jurisdictional.” Hagopian v. Justice Admin. Comm’n, 18 So.3d 625, 637 (Fla. 2d DCA 2009).
At the outset we note that the only injury Ms. Hanchey argues will occur as a result of the authorization order is “that she could be subjected to claims and discovery that may otherwise not be permitted.” However, “the fact that [Ms. Hanchey] may have to incur the expense and inconvenience of going through a [trial] is not grounds for the appellate court to exercise its extraordinary writ jurisdiction.” Anderson, 568 So.2d at 959 (citing Hartford Accident & Indem. Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987)). Consequently, we are without jurisdiction to consider Ms. Hanchey’s petition as to the authorization order.
We do, however, have jurisdiction to consider Ms. Hanchey’s petition for review of the contact order, see Murison v. Coral Park Props., Inc., 64 So.3d 1288, 1289-90 (Fla. 4th DCA 2011), because Ms. Hanchey is being denied contact with Mr. Hanchey, whose health is declining. Moreover, the trial court departed from the essential requirements of the law by failing to conduct a hearing on Ms. Han-chey’s objections to the magistrate’s report and recommendation on her motion for *1093 contact. See Fla. Prob. R. 5.095(h) (“The parties may serve exceptions to the report within 10 days from the time it is served on them.... All timely filed exceptions shall be heard on reasonable notice by either party.”); see also Fla. R. Civ. P. 1.490(i). Ms. Hanchey’s objections were timely filed — the magistrate’s report was issued on October 4, 2013, and the objections were filed on October 8, 2013. See Murison, 64 So.3d at 1290 (“The trial court’s denial of the [petitioners’] timely exceptions without a hearing deprived them of due process and constituted a departure from the essential requirements of the law.”). Additionally, she requested a hearing thereon.
The guardian notes that Ms. Hanchey had not yet provided the transcript from the hearing before the magistrate when the contact order was issued, but this did not permit the trial court to ignore Ms. Hanchey’s objections. See id. Therefore, we grant the petition for writ of certiorari and, insofar as it seeks review of the contact order, quash the contact order.
Dismissed in part; granted in part; contact order quashed.
NORTHCUTT and LaROSE, JJ., Concur.