DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARNE LANGSETMO,**
Appellant,

v.

**KRISTEN MARIE METZA,**
Appellee.

No. 4D19-2138

[November 4, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Steven J. Levin, Judge; L.T. Case No. 17-000901-DR-AXMX.

Jessica M. Vanvalkenburgh of McCarthy, Summers, Wood, Norman, Melby & Schultz, P.A., Stuart, for appellant.

Karen O'Brien Steger of Steger Law, Stuart, for appellee.

DAMOORGIAN, J.

Arne Langsetmo ("Former Husband") appeals the trial court's order adopting the recommendations of the general magistrate on his motion for contempt and enforcement. We reverse and remand for the trial court to consider Former Husband's exceptions to the general magistrate's recommended findings and conclusions.

Former Husband and Kristen Marie Metza ("Former Wife") entered into a postnuptial agreement on January 11, 2017. The postnuptial agreement required Former Wife to, among other things, pay Former Husband a one-time equitable distribution payment of $250,000 within seven days after the execution of the agreement. The postnuptial agreement also provided that Former Wife and Former Husband would each retain "2 bicycles." The parties ultimately divorced and the final judgment of dissolution of marriage incorporated the postnuptial agreement.

Following entry of the final judgment of dissolution of marriage, Former Husband filed a Motion for Contempt and Enforcement ("Motion for Contempt") alleging Former Wife failed to pay the entire $250,000 as

agreed to in the postnuptial agreement, and refused to turn over a third bicycle, specifically a tandem bicycle. The matter proceeded to a hearing before a general magistrate. Following the hearing, the general magistrate entered a written report recommending that the trial court: (1) deny Former Husband's request for the tandem bicycle, finding that "[t]he Postnuptial Agreement clearly provides for Former Husband to receive two bicycles with no further description, he has received two bicycles under that distribution scheme, and he therefore is not entitled to the third tandem bicycle he requests;" and (2) award Former Husband the outstanding $25,000 along with prejudgment interest at the statutory rate from the date Former Husband filed the Motion for Contempt.

Former Husband timely filed exceptions to the general magistrate's report and recommendations with respect to the interest accrual date and the disposition of the tandem bicycle. After receiving notice of the need to file a transcript of the contempt hearing before the general magistrate, Former Husband filed a motion for enlargement of time and, a month later, filed the transcript of the contempt hearing. Without considering the merits of Former Husband's exceptions, the trial court entered its order, finding:

> The Magistrate's Order was entered on October 19, 2018. Administrative Order 2013-02 of the 19th Judicial Circuit states that "should the moving party fail to provide [the] record or transcript for the Court's review within 60 days after making the objection or exception, without requesting an extension of time, the objection may be deemed abandoned."
>
> The Respondent in this case filed the exception to the Magistrate's ruling on October 29, 2018 but did not provide a record or transcript for this Court's review within the 60 days after filing the exception and therefore the matter is abandoned and the motion is hereby DENIED.

This appeal follows.[1]

---

[1] Former Husband initially appealed the trial court's nonfinal, non-appealable order denying his exceptions to the general magistrate's report. *See Jones v. Jones*, 90 So. 3d 991 (Fla. 4th DCA 2012). In response, we entered an order holding the appeal in abeyance and gave Former Husband thirty days to obtain a final order from the trial court adopting and ratifying the general magistrate's report. Former Husband later filed the final order with this Court.

On appeal, Former Husband argues that he was deprived of the opportunity to be heard on the merits of his exceptions. Specifically, he argues that he made efforts to set the hearing, and upon being informed that the transcript was required, he promptly filed it. He further argues that "[t]here is no mandatory or bright line requirement that Exceptions be deemed abandoned and denied summarily if the record or transcript is not provided within sixty (6[0]) days" and Former Wife made no complaint regarding the delay. We agree.[2]

Florida Family Law Rule of Procedure 12.490(f) provides, in part, that "[i]f exceptions are filed, they must be heard on reasonable notice by either party or the court." *See also* Fla. R. Civ. P. 1.490(i) (providing that "[i]f exceptions are timely filed, the court shall resolve the exceptions at a hearing on reasonable notice"). Rule 12.490(g)(2) also provides, in part, "[t]he transcript of all relevant proceedings, if any, must be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions."

This Court's decision in *Murison v. Coral Park Properties, Inc.*, 64 So. 3d 1288 (Fla. 4th DCA 2011), is on point. There, we held that a trial court could not deny exceptions without a hearing on grounds that the transcript from the magistrate's hearing had not yet been provided, explaining:

> Appellate courts throughout this state have uniformly interpreted rule 1.490(h) to require a mandatory hearing before the trial court on the parties' exceptions if one is requested. While the [appellants] were obligated to provide transcripts to the trial court before any hearing on the exceptions could be held, the trial court was not permitted to deny the exceptions—and the right to a hearing—merely because the [appellants] had not provided transcripts up to that point. Had the trial court received indication from the [appellants] that they were refusing to provide transcripts, then the trial court would be on solid ground in denying the exceptions without a hearing. However, the trial court could not deny the [appellants] their unambiguous right to a hearing

---

[2] We reject Former Wife's argument that Former Husband waived any due process argument because he failed to raise his exceptions before the trial court while the case was on remand from this Court. The trial court's jurisdiction on remand was limited to entering a final, appealable order. Therefore, the trial court did not have jurisdiction to rule on Former Husband's exceptions.

> on timely filed exceptions simply because transcripts had not
> been provided up to that point.
>
> The trial court's denial of the [appellants'] timely exceptions
> without a hearing deprived them of due process and
> constituted a departure from the essential requirements of the
> law.

*Id.* at 1289–90 (internal citation and quotation marks omitted); *see also L.P. v. State*, 995 So. 2d 1140, 1141 (Fla. 5th DCA 2008) ("[W]e write to re-emphasis [sic] the requirement that a hearing must be held on timely-filed exceptions to a magistrate's report."); *Yoxsimer v. Yoxsimer*, 918 So. 2d 997, 998–99 (Fla. 2d DCA 2006) (under Rule 1.490(h), litigant who requests a hearing on exceptions but is not afforded one is deprived of due process).

Here, it is undisputed that Former Husband timely filed his exceptions. The trial court's basis for denying Former Husband's exceptions without a hearing was that he did not file the transcript within sixty days of filing the exceptions, as required by the Nineteenth Circuit Court's Administrative Order. Former Husband, however, ordered the transcript, filed a motion for enlargement of time to file the transcript, and promptly filed the transcript once he received it. Based on these facts, *Murison* makes clear that it was error for the trial court to deny Former Husband's right to a hearing on his exceptions because the transcript was not filed within the sixty-day time frame imposed by the Nineteenth Circuit Court's Administrative Order.

Although not ripe for our consideration, we note that Former Husband is correct that the statutory interest for the remaining $25,000 owed to him by Former Wife should have started on the date of loss and not, as determined by the general magistrate, from the date Former Husband filed his Motion for Contempt. It is well established that "[t]he purpose of . . . prejudgment interest is to make the plaintiff whole from the date of the loss." *Capitol Envtl. Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 597 (Fla. 1st DCA 2009); *see also Argonaut Ins. Co v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985) ("[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss."). Here, the postnuptial agreement required Former Wife to pay Former Husband the one-time equitable distribution payment within seven days from the date the agreement was executed. Thus, as the postnuptial agreement was executed on January 11, 2017, the date of loss was January 17, 2017. Former Husband should be made whole from the

date the money was due to him pursuant to terms of the postnuptial agreement.

Based upon the foregoing, we reverse the order denying Former Husband's exceptions, and remand for the trial court to consider the exceptions on the merits.

*Reversed and remanded.*

CIKLIN, J., and FRINK, KEATHAN B., Associate Judge, concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***