DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER JASON FLETCHER,**
Appellant,

v.

**AYANA MCCULLOCH,**
Appellee.

No. 4D21-2708

[March 9, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan Alspector, Judge; L.T. Case No. FMCE20-003886.

Carlton Pierce of Carlton Pierce, P.A., West Palm Beach, for appellant.

No appearance for appellee.

KUNTZ, J.

Christopher Jason Fletcher appeals the circuit court's order ratifying and approving the general magistrate's report in a paternity action. Fletcher argues the court erred when it adopted the general magistrate's report without holding a hearing on his exceptions to the report. We agree.

When a magistrate serves a report and recommendation, "[t]he parties may file exceptions to the report within 10 days from the time it is served on them . . . . If exceptions are filed, they must be heard on reasonable notice by either party or the court." Fla. Fam. L. R. P. 12.490(f).

Less than ten days after the magistrate served the report and recommendation on Fletcher, but not on his counsel, Fletcher's counsel filed exceptions to the magistrate's report. Fletcher argued that the report was not supported by competent substantial evidence and that the child support calculations did not match the oral pronouncement. He also requested more time to file a transcript of the hearing held by the magistrate.

Two days later, Fletcher filed amended exceptions to the magistrate's report including citations to the hearing transcript. Fletcher also filed the hearing transcript. Later that day, an order ratifying the magistrate's report was rendered and served on Fletcher. Like the magistrate's report, the certificate of service suggests the court's order was served on Fletcher and not his counsel.

Fletcher's original exceptions to the magistrate's report were timely filed. Rule 12.490(f) requires a party filing exceptions to a magistrate's report do so within ten days. When a party files exceptions, they must be heard on reasonable notice by either party or the court. Finally, a transcript of the relevant proceedings must be provided to the judge forty-eight hours before that hearing. Fla. Fam. L. R. P. 12.490(g)(2).

The court did not explain the basis for denying the exceptions and adopting the magistrate's report. But the absence of the transcript at the time of filing the original exceptions is not a proper basis to deny the exceptions. *Murison v. Coral Park Props., Inc.*, 64 So. 3d 1288, 1289-90 (Fla. 4th DCA 2011). Nor is the failure to file a transcript within a sixty-day time frame imposed by a local administrative order. *Langsetmo v. Metza*, 306 So. 3d 112, 114 (Fla. 4th DCA 2020).

Fletcher timely filed exceptions to the magistrate's report, and the court erred when it summarily denied the exceptions without holding a hearing. We reverse the court's order adopting the magistrate's report and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

MAY and DAMOORGIAN, JJ., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***

2