# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-745
Lower Tribunal No. 14-5962
_____

**Mario Oliva,**
Appellant,

vs.

**Ivon Oliva,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Klein Law Group, P.A., Eric N. Klein and Kunal A. Mirchandani (Boca Raton), for appellant.

Ortega Tauler & Associates, Elena Ortega Tauler and Raquel E. Tomas, for appellee.

Before LOGUE, GORDO and LOBREE, JJ.

GORDO, J.

Mario Oliva ("the Father") appeals a trial court order denying his motion to vacate. The Father's motion sought to vacate the trial court's order adopting a general magistrate's report because the Father was not afforded a hearing on his timely filed exceptions. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iii)(a). Because the Father was entitled to a hearing pursuant to Florida Family Law Rule of Procedure 12.490(f), we reverse and remand for a hearing on the Father's timely filed exceptions.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, the trial court referred Ivon Oliva's ("the Mother") supplemental petition for determination and enforcement of child support and timesharing to a hearing officer pursuant to Florida Family Law Rule of Procedure 12.491. Following a hearing, the hearing officer, who was also a general magistrate[1], issued a four-page order titled "Report and Recommendation of General Magistrate" with factual findings and conclusions of law adjudicating the Mother's entitlement to child support. The report included language indicating that either party could file

---

[1] Pursuant to In Re: Delineation of Matters to be Referred to General Masters/Hearing Officers for the Eleventh Judicial Circuit of Florida, Fla. Admin. Order No. AO02-30-A1 (Mar. 25, 2004), "General Masters/Hearing Officers shall hear only those matters specifically set forth in Rules 12.490 and 12.491 of the Florida Family Law Rules of Procedure." This order thus establishes that a general magistrate may serve as a hearing officer and must simply follow the requirements of the applicable Florida Family Law rule.

exceptions to the report within fifteen days pursuant to Florida Rule of Civil Procedure 1.490(h).[2]

The Father timely filed exceptions to the report. A month later, the trial court entered an order ratifying and adopting the general magistrate's report and recommendations without conducting a hearing on the Father's exceptions. The Father then filed a motion to vacate arguing the trial court's order adopting the report was improper because it had not ruled on his exceptions. The trial court denied the motion to vacate and refused to rule on the Father's exceptions, finding they were irrelevant because the report was entered by a hearing officer.[3] This appeal followed.

## LEGAL ANALYSIS

"An appellate court reviews a trial court's ruling on a general magistrate's report de novo." Orth v. Orth, 338 So. 3d 363, 370 (Fla. 3d DCA 2022) (citing Coriat v. Coriat, 306 So. 3d 356, 358 (Fla. 3d DCA 2020)). Pursuant to Florida Family Law Rule of Procedure 12.490(f),

---

[2] Rule 1.490(h) is the civil procedure counterpart of Florida Family Law Rule of Procedure 12.490(f). Both "contain substantially the same language providing for a hearing on exceptions to a master's report and recommendation." Knorr v. Knorr, 751 So. 2d 64, 65–66 (Fla. 2d DCA 1999)

[3] Pursuant to Florida Family Law Rule of Procedure 12.491(f) a party may only seek relief from a hearing officer's report by "filing a motion to vacate within 10 days from the date of entry." Exceptions to a hearing officer's report are irrelevant.

3

"parties may file exceptions to the [general magistrate's] report within 10 days from the time it is served on them. . . . **If exceptions are filed, they must be heard** on reasonable notice by either party or the court."  Fla. Fam. L. R. P. 12.490(f) (emphasis added).

It is well established Florida law that if a party timely files exceptions to a general magistrate's report, "a hearing on a party's exceptions . . . is mandatory."  Polo v. Hernandez, 338 So. 3d 386, 387–88 (Fla. 3d DCA 2022); see also Simmons v. Simmons, 16 So. 3d 878, 878–79 (Fla. 5th DCA 2009); Yoxsimer v. Yoxsimer, 918 So. 2d 997, 998–99 (Fla. 2d DCA 2006) (holding that rule 12.490(f) requires a mandatory hearing on timely filed exceptions to a magistrate's report).   This mandatory hearing requirement is meant to protect the due process rights of the parties and their "right to be ultimately heard by the judge in the case."  Kay v. Kay, 430 So. 2d 532, 533 (Fla. 4th DCA 1983); see also Berkheimer v. Berkheimer, 466 So. 2d 1219, 1220 (Fla. 4th DCA 1985) ("The rule was designed to safeguard the due process rights of the parties.").

While the trial court initially referred the matter to a hearing officer, it is clear from the record that the hearing officer sat as a general magistrate

and issued a general magistrate's report pursuant to rule 12.490.[4]  Once the trial court adopted the findings and recommendations of the general magistrate's report, it was bound by rule 12.490.  Moreover, its adoption of the report meant it adopted the report's language regarding exceptions to which the Father was allowed to rely on.  This notice necessarily involves due process concerns.  To adopt and ratify a general magistrate's recommendation and report and all its findings including notice that one may file exceptions within fifteen days and later move the goal post and call the report a hearing officer's report falls short of due process concerns.  It is undisputed that the Father timely filed exceptions to the general magistrate's report pursuant to rule 12.490(f).  Hence, it was error for the trial court to decline to hold a hearing on them.

We therefore reverse the trial court's April 5, 2022, order denying the Father's motion to vacate the March 3, 2022, order ratifying the general magistrate's report, and instruct the trial court to vacate the order ratifying the general magistrate's report and hold an appropriate hearing on the merits of the Father's exceptions.

Reversed and remanded with instructions.

---

[4] We do not endeavor to determine here whether the trial court should have stricken the general magistrate's report for exceeding the authority given to it by rule 12.491 and the referral order.  The trial court chose not to do so and is thus bound by the requirements of rule 12.490.